## 44955. BOATRIGHT v. RICH'S, INC.

EVANS, Judge. This is what is commonly known as a "slip and fall" case in which the appellant slipped and fell in a restaurant while walking toward the cashier preparatory to leaving the establishment in which she was an invitee. Her testimony shows that she was "looking toward the cashier," as she walked on a plastic mat, "but . . . didn't look down" and that "something caused me to fall" because "something was spilled on the floor." Another witness testified plaintiff slipped and fell on foodstuff believed to be gelatine, and there was evidence that employees of the defendant walked continuously over the area to and from the kitchen. The jury returned a verdict for the defendant, and the appeal is from the judgment based thereon with error enumerated on certain charges involving contributory and comparative negligence, requests to charge, and on the judgment. *Held:*

1. After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. *Wren v. State,* 57 Ga. App. 641, 644 (191 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324).

2. Questions as to negligence, including contributory and comparative negligence, as to what and whose negligence was the proximate or contributing proximate cause of an injury, are all questions for jury determination, if there be any evidence to support them, in which instance the court would be authorized to charge thereon. See *Eddleman v. Askew*, 50 Ga. App. 540 (179 SE 247); *Stapleton v. Amerson*, 96 Ga. App. 471 (5b), supra.

3. Before an owner can be held liable for the slippery condition of the floor, produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or would have known of its presence had he exercised reasonable care. *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 101 (60 SE2d 631).

4. From the evidence submitted, the plaintiff was as well apprised of the condition of the walking area in the restaurant where she slipped as the defendant, and should be held to as high a degree of care for her own safety as the defendant. *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680); *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 102, supra. Accordingly, the evidence as to the cause of the plaintiff's fall, in which she was walking toward the cash register, "didn't look down," and slipped on what was believed to be gelatine spilled on a plastic runner on which she was walking, authorized a charge that "the plaintiff cannot recover unless the defendant's negligence exceeds that of the plaintiff."

5. When there are no conditions making the premises unusually dangerous, the law does not require a proprietor to patrol the floor constantly. *Angel v. Varsity, Inc.*, 113 Ga. App. 507, 508 (148 SE2d 451); *Stanton v. Grubb*, 114 Ga. App. 350 (151 SE2d 237); *Colonial Stores, Inc. v. Turner*, 117 Ga. App. 331, 334 (160 SE2d 672). Whether or not the defendant is liable for injuries to a business invitee because of the defendant's constructive knowledge of a dangerous condition, depends upon the existence of the condition for a sufficient length of time for knowledge of it to be imputed to the defendant, which varies with the circumstances of each case— "the nature of the business, the kind and size of the premises, the number of persons on the premises, the nature of the dangerous condition, and its location." *Colonial Stores, Inc.*, supra. Under the evidence here, it cannot be said that there were conditions making the premises unusually dangerous;

hence it was not erroneous to give the charge thereon, particularly since there was no evidence as to how long the foreign substance (gelatine?) had been on the plastic mat. Nor was it shown with absolute certainty that it caused the fall.

6. The jury having heard the evidence, which is doubtful as to (1) the cause of the fall by the plaintiff, (2) the presence of a foreign substance which could cause her to fall, (3) the knowledge of the defendant of the foreign substance on the floor, and (4) whether in the exercise of ordinary care the plaintiff could have avoided the injuries; and on which reasonable minds might disagree, we cannot set the verdict aside on the alleged errors in the charge or as to the evidence. *Lassiter v. Poss*, 85 Ga. App. 785 (1) (70 SE2d 411). Further, when plaintiff offers herself as a witness in her own behalf, her testimony will be construed most strongly against her, if it is vague and uncertain. See *Southern R. Co. v. Hobbs*, 121 Ga. 428 (49 SE 294). We consider the evidence sufficient to support the verdict. Having considered all the enumerations and having found no errors, the judgment is

*Affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 12, 1970—DECIDED FEBRUARY 5, 1970.

*Lynwood A. Maddox, Daniel C. B. Levy,* for appellant.
*Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr.,* for appellee.