## 49867. PEACHSTONE DEVELOPMENT, LTD. v. AUSTIN.

EVANS, Judge.

Peachstone Development, Ltd. contracted with J. M. Austin to perform certain grading on real property located in Newton County, Ga. In preparation for the job, Austin moved five large pieces of earth-moving equipment from a job site at Loganville, Ga. to Newton County in order to prepare for work on Monday. On Saturday night at approximately 8:00 p.m., Jack R. Parkman, President of Peachstone, called Austin and advised him that Parkman had found someone to perform the job for less money and that Austin should not proceed with work and that the contract was terminated.

Following failure of negotiations as to settlement of costs incurred, Austin sued Peachstone for $1,575 actual damages. This suit was later amended to seek $10,000 in damages, for value of services rendered.

During the trial, plaintiff testified that his machines would gross approximately $900 per day; and that the machines were idle for approximately four days; that in preparing for the job he made numerous inspection trips to the property, and hauled a large quantity of old rubber tires to the job site in order to burn the bulldozed trees and stumps. Defendant moved for directed verdict which was denied. A verdict was then rendered by the jury in favor of plaintiff for $1,500. Defendant appeals. *Held:*

The sole complaint is that the evidence was so vague and evasive as to compel a directed verdict against the plaintiff. We disagree. The court is bound to consider the evidence in the light most favorable to the party opposing a motion for directed verdict. *Everett v. Miller,* 183 Ga. 343 (188 SE 342); *Curry v. Roberson,* 87 Ga. App. 785 (75 SE2d 282); *Whitaker v. Paden,* 78 Ga. App. 145 (1) (50 SE2d 774). And after verdict is rendered and approved by the trial judge the evidence must be construed so as to uphold the verdict if there are discrepancies. See: *Wren v. State,* 57 Ga. App. 641, 648 (196 SE 146); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232), and cases cited.

There was evidence that the plaintiff had gone to considerable trouble before commencing work in moving

heavy equipment which would gross at least $900 per day which resulted in said equipment being idle for four days. It was also proven that old tires were hauled to the site of the job for burning trees and stumps. The jury had ample evidence before it by which it could have found $1,500 in damages, and in such conclusion it was authorized to use conclusions and inferences drawn from given facts by the ordinary test of human experience. Code §§ 38-113, 38-123; *Collins & G. R. Co. v. Beasley,* 36 Ga. App. 241, 243 (136 SE 167); *Pusser v. A. J. Thompson Co.,* 132 Ga. 280, 287 (64 SE 75). The evidence authorized the verdict.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 5, 1974 — DECIDED JANUARY 7, 1975.

*Capes & Tarver, P. Russell Tarver,* for appellant.
*Bradford, Harrison, Stevenson & Stimel, Ronald C. Harrison,* for appellee.