## 51216. GRAY v. ATLANTA TRANSIT SYSTEM, INC.

Evans, Judge.

On September 16, 1971, Annie Gray was operating a friend's automobile while on her way to work. She was personally injured when the automobile she was driving was hit in the rear while stopped at the intersection of Hollywood Road and North Grand Avenue for other automobiles to clear the intersection in order that she might make a left turn. Another automobile was stopped immediately to her rear. In her rear view mirror, she saw a transit bus approaching, rounding a curve at a high rate of speed. Momentarily, she looked away, then heard two crashes and felt two crashes. An ambulance was called for her as soon as the bus driver arrived and inquiry was made as to whether or not she was hurt. After the bus driver called the ambulance, other people arrived at the scene before she left for Grady Hospital in the ambulance.

Ms. Gray sued Atlanta Transit System, Inc., for

personal injuries allegedly arising out of the bus-automobile collision. She alleged defendant's bus 905, was driven by R. L. Northern, who was acting within the scope of his employment, and that he struck an automobile driven by a Mr. Jones, stopped immediately in the rear of the plaintiff, knocking the Jones' vehicle into the automobile driven by plaintiff.

The defendant answered this complaint and admitted that bus 905 was driven by R. L. Northern, an employee and contended it "accidentally collided with the rear of the second most of two automobiles stopped at Hollywood Road and North Grand Avenue" on September 16, 1971. Defendant denied it injured or damaged plaintiff or the automobile she was driving. Defendant also pleaded failure to state a claim and that "the occurrence mentioned in plaintiff's complaint was not proximately caused by any negligence of this defendant, but was the result of a pure accident."

The pre-trial order stipulated that there was no issue of agency with respect to the bus driver, R. L. Northern.

At the trial after the conclusion of plaintiff's evidence, together with admissions in the answer, all of which set forth virtually that which we have set forth above, as well as other circumstantial evidence, and medical testimony of a doctor and other lay testimony as to pain and suffering, the court granted defendant's motion for directed verdict. Plaintiff appeals. *Held:*

1. Without offering same in evidence, either party may avail himself of the allegations and admissions in the pleadings made by the other. Code Ann. § 38-402.

2. The trial court is bound to consider the evidence in the light most favorable to the party opposing a motion for directed verdict. *Peachstone Development Ltd. v. Austin,* 133 Ga. App. 684 (212 SE2d 18).

3. The evidence in the case sub judice shows the bus hit the rear car, knocking same into the rear of plaintiff's car, without any legal reason or excuse for failing to avoid the collision. A verdict was not demanded for defendant. See *Glaze v. Bailey,* 130 Ga. App. 189, 190 (202 SE2d 708). There was both direct and circumstantial evidence in this case which amply authorized the submission to a jury as to the question of liability. On circumstantial evidence,

attention is called to the case of *Brown v. Matthews,* 79 Ga. 1 (2): "To warrant the court in charging the jury on a given topic, such as whether certain land was included in a purchase by certain persons of other land, it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts."

This is one of the best expositions and definitions of circumstantial evidence and its strength to be found in any Georgia decision.

A prima facie case was made by the evidence for plaintiff; and the evidence did not authorize or demand a finding in favor of defendant. The court erred in directing the verdict against the plaintiff.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 29, 1975 — DECIDED OCTOBER 29, 1975 —
REHEARING DENIED NOVEMBER 17, 1975.

*Irwin M. Levine,* for appellant.
*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellee.