### 50965. BALL v. STATE OF GEORGIA.

Marshall, Judge.

This appeal is from an order of the Juvenile Court of DeKalb County declaring that a two-year-old girl is a "deprived child" and that custody of the child be placed in the DeKalb County Department of Family and Children Services (Department).

The record discloses that the child was born on December 9, 1972, and that the birth certificate did not state the father's name. The mother gave the child to appellant in January, 1973, and then left the state with her husband. She returned to DeKalb County sometime

later and made the department aware that her child was in the custody of appellant. In February, 1975, the department petitioned the DeKalb County Juvenile Court alleging that the child was deprived and requested that it be given custody until a hearing could be held on the matter. The court ordered the child placed in temporary custody of the department. The appellant, who had reared the child as his own during the two-year absence of the mother, filed a petition for writ of habeas corpus, and a petition for legitimation of the child in the Superior Court of DeKalb County. As far as the record shows these actions are still pending in that court.

At the hearing on the "deprived child" petition the juvenile court judge heard two conflicting versions of the facts—one from the appellant and one from the child's mother. The appellant testified that he dated the mother approximately nine months before the birth of the child and that he was the father; that after the child was born, the mother brought the baby to him asserting it to be his and then later, on January 31, 1973, she signed documents acknowledging appellant as the father of the child, and consenting to have the child legitimized and to give "full custody and control" to appellant; that the mother thereafter disappeared; and that for the last two years he had raised the child in a healthy environment. The documents showing consent to legitimation and the agreement as to custody, both signed by the mother and notarized, were introduced into evidence.

The mother testified that she never dated appellant; that one Jimmy White was the father of the child and that he disappeared on learning that she was pregnant; that after the child was born, she married one Johnny Housler who mistreated both her and the child; that Housler wanted to sell the baby to appellant and forced her (the mother) by threat of physical violence to sign the consent documents transferring the child to appellant; that, after the documents were signed, she gave the baby to appellant and saw appellant give Housler $300; that she then went to Florida with her husband and later ran away from him and returned to DeKalb County. There is evidence that the mother is both unable and unwilling to provide for the child herself.

The juvenile court judge, at the hearing, limited the evidence solely to the issue of whether or not appellant was the parent or guardian of the child. The judge made findings that Jimmy White was the father of the child and that his whereabouts were unknown; that the consent agreement transferring the child's custody to appellant was invalid because it "was not freely and voluntarily executed by [mother] but was the result of coercion . . ."[1] and that the "child is without a parent or guardian to provide care and supervision for her," and that the child was deprived and that permanent custody be given to the department. Appellant appeals, enumerating 18 errors. *Held:*

1. Enumerations of error 1-6 and 16 contend that the Juvenile Court was without jurisdiction because the evidence was insufficient to show that the child was "deprived." We disagree.

Jurisdiction of the Juvenile Court is provided under the new Juvenile Court Code, Ga. L. 1971, pp. 709, 712; 1973, pp. 882, 883 (Code Ann. § 24A-301 (a)(1)(C)): "The court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: (1) Concerning any child; . . . who is alleged to be deprived."

A "deprived child" is defined in Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884 (Code Ann. § 24A-401(h)) as a child who: "(1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental,

---

[1]Since the mother is not seeking custody of the child at this hearing, whether or not this agreement was "voluntary" so as to amount to an abandonment under Code Ann. § 24A-3201 or so as to constitute a voluntary relinquishment under Code Ann. § 74-108 (1) is not essential to a determination of whether appellant is a "custodian" under Code Ann. § 24A-401 (h)(4) or whether the child is otherwise "deprived." It would appear that the issue of "voluntariness" would be central to the appellant's claim of paternity in his legitimation action pending in the DeKalb Superior Court.

or emotional health, or morals; or (2) has been placed for care or adoption in violation of law; or (3) has been abandoned by his parents or other legal custodian; (4) is without a parent, guardian or custodian."

The department alleges that the child is a "deprived child within the meaning of the law in that she is without a parent or guardian to provide care and supervision for her." This allegation sufficiently alleges a deprived child under subsection (4), supra, and for this reason is sufficient to establish jurisdiction in the Juvenile Court. The question of whether appellant was the "parent" or "guardian" or "custodian" was a question of fact to be decided by the trial judge. The appellant claimed he was the parent; the child's mother said he was not. Such a conflict in evidence can only be resolved by the trior of fact. The trial judge was also authorized to find that appellant was not the "legal" guardian or "custodian" within the meaning of Code Ann. §§ 24A-401 (i) and 24A-2901, in that appellant had not taken any steps until the time of the petition to establish, by court order, his legal paternal or custodial rights.

Whenever a child is uprooted from an otherwise stable environment during the critical formative years of early childhood, the county authorities and juvenile court judge are undertaking a grave responsibility, which may have behavioral consequences that endure for the life of the child. Such considerations must be judiciously weighed against the deleterious effects of leaving the child in a "deprived" environment (within the meaning of the code). We are satisfied that the trial court's finding of deprivation in this case was authorized by the statute and supported by evidence.

2. Enumerations of error 7 through 15 deal with the admission into evidence of documents and testimony from the files of the Fulton County Department of Family and Children Services, where the mother sought financial assistance just prior to the birth of the child in 1972. Whether or not proper foundation was laid so as to bring this evidence within the "business records" exception to the hearsay rule (Ga. L. 1952, p. 177 (Code Ann. § 38-711)), the error would be harmless because the fact sought to be proved thereby (that the mother stated that

Jimmy White was the child's father) is merely cumulative of the mother's direct testimony at the hearing that Jimmy White was the child's father. "Hearsay evidence is harmless where the same witness testifies to the same effect from personal knowledge." *Stubbs v. Daughtry,* 115 Ga. App. 22 (4) (153 SE2d 633).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 23, 1976 — CERT. APPLIED FOR.

*Zachary & Segraves, W. E. Zachary,* for appellant.
*Kathryn Anne Workman, Solicitor, Bryan Cavan,* for appellee.