## 52308. BOWEN v. THE STATE.

QUILLIAN, Judge.

Defendant appeals his conviction of theft of a motor vehicle. *Held:*

1.  Gary Rich parked his 1969 Rambler, cream with white top, in the front parking lot of the Joan Glancey Hospital, Duluth, Georgia, when he went to work on the afternoon of November 12, 1975. When he departed work that evening, at approximately 11 p.m., his car was

missing. He reported it to the police.

Shortly after 10 p.m., that same day, a policeman on patrol entered the rear parking lot of the Joan Glancey Hospital, and as he was going around to the front parking lot he met a cream and white colored Rambler, occupied by two white males. The Rambler quickly accelerated to a high rate of speed and the officer pursued it at a speed in excess of one hundred miles per hour. It turned into a service parking area and the driver ran from the vehicle into a nearby wooded area and was never apprehended. The passenger, defendant—was arrested as he exited the car on the passenger side. The policeman noted a strong odor of alcohol about the defendant.

Defendant told the officer he had been hitchhiking and didn't know the driver. After being advised later that the car may have been stolen, defendant stated that Bobby Clark had been driving the vehicle. Defendant testified at the trial that he had gone to the hospital shortly after nine o'clock to see a doctor about his back which had been strained earlier and was hurting. The doctor was not in and as he left the hospital he saw Bobby Clark "sitting there with the motor running." When he walked by, Clark asked him if he wanted a ride back to Duluth. He accepted and shortly thereafter the pursuit by the police started.

After the arrest of the defendant, the policeman noted that the ignition switch cover had been taken off and the ignition wires were "scraped and spliced together," a technique which is generally called "straight-wiring." Defendant stated that he never observed the ignition wires hanging down in the car.

The state called Bobby Clark as a witness. He testified that he saw the defendant that evening "[a]round ten or ten thirty" when he and a man known as Gene came to his house in a "green on white" Rambler. He got in the car and had a drink of whiskey with them. Clark noted the "switch was wired together" and asked defendant whose car it was. Defendant "said he borrowed it." Clark refused to take them "to get some liquor" and they left.

Defendant contends the verdict of guilty is contrary to law and without sufficient evidence to support it. We

note the difficulty with the time sequence. If the owner parked his car in the front parking lot of the hospital, and the policeman encountered two people leaving the front parking lot of the hospital in that stolen car and chased it until he caught it, this version would infer that the state's witness Clark was not telling the truth about the defendant being at his house between "ten and ten thirty." Another problem with the time sequence is that the policeman testified that he began this chase "shortly after ten p.m." which is also in conflict with Clark's testimony.

On the other hand, defendant's statement that he just left home and walked to the hospital, with a hurting back, to see his doctor — expecting him to be in at 9:00 p.m. in the evening, without phoning to see if he was there — is difficult to comprehend. Further, his statement that Bobby Clark, who presumably had taken the vehicle, was just sitting in front of the hospital in the stolen car, with the motor running — is also difficult to believe.

We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Crews v. State,* 133 Ga. App. 764 (213 SE2d 34); *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial judge the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232); *Peachstone Development, Ltd. v. Austin,* 133 Ga. App. 684 (212 SE2d 18); *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 365 (223 SE2d 757). We find there is sufficient evidence, both direct and circumstantial, to support the verdict.

2. Defendant avers that the failure of the judge to charge on the law of circumstantial evidence was error. We do not agree. A charge on circumstantial evidence is required only when the case is wholly dependent thereon,

particularly where there was no request for the charge. *House v. State,* 232 Ga. 140, 146 (205 SE2d 217); *Williams v. State,* 129 Ga. App. 103 (4) (198 SE2d 683). In the instant case there was direct evidence of the defendant being in the car when it was being driven away from the site where it was stolen. The state's witness Clark testified that defendant told him that "he borrowed" the car. This direct evidence is sufficient to deny reversal of conviction for a failure to charge on circumstantial evidence, where the charge was not requested.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 24, 1976 — DECIDED JULY 1, 1976.

*Charges S. Hunter,* for appellant.

*Bryant Huff, District Attorney, Richard Winegarden, Dawson Jackson, Robert A. Barnaby, II, Assistant District Attorneys,* for appellee.