## 52344. SMITH v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried and convicted of forgery in the first degree in that she endorsed a check payable to another person and had the check cashed. On appeal, her counsel moved to withdraw as counsel on the ground that he considered the appeal wholly frivolous. The motion was denied. In accordance with Anders v. State of California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), counsel filed a brief in which he states that he has made a conscientious examination of the record and finds that the appeal would be wholly frivolous, but refers in his brief to two points in the record which might arguably support an appeal. *Held:*

1. First, counsel contends that the trial court's instructions to the jury at one point indicated that appellant may have forged two checks when the indictment alleges a forgery of only one check. While the evidence shows two checks were involved, appellant was indicted for forgery of only one check. The jury found her guilty of a single forgery offense, and the sentence imposed by the court was for only one offense. Under these circumstances the error, if any, in the trial court's instruction was harmless. See *Hale v. State,* 135 Ga. App. 625 (2) (218 SE2d 643); *Willingham v. State,* 134 Ga. App. 603 (5c) (215 SE2d 521).

2. Counsel also suggests possible error in the failure of the trial court to charge the jury that the indictment is not evidence. However, it has been held that such

instruction is not required, in the absence of a request, where, as here, the jury is instructed that notwithstanding the indictment, the state must prove her guilt of the offense beyond a reasonable doubt. See *Corbin v. State,* 212 Ga. 231 (3) (91 SE2d 764); *Anthony v. State,* 112 Ga. App. 444 (8) (145 SE2d 657).

3. We have examined the record and found error in the admission of testimony of a lay witness that, by his comparison of the payee's signature with the forged signature, he believed the payee did not endorse the check. However, the error was rendered harmless because the same testimony was given subsequently by a handwriting expert witness for the state who was qualified to state such an opinion. See, e.g., *Ball v. State of Ga.,* 137 Ga. App. 333 (2) (223 SE2d 743).

Our review of the record discloses that the evidence is sufficient to support the jury verdict. See *Whitus v. State,* 222 Ga. 103 (1) (149 SE2d 130).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED SEPTEMBER 16, 1976.

*Robert D. Peckham,* for appellant.