## 54201. JOYNER v. WILLIAM J. BUTLER, INC.

McMURRAY, Judge.

Plaintiff brought this action for personal injuries after she allegedly slipped and injured her back in a grocery store operated by defendant. The jury was unable to reach a verdict and the trial court declared a mistrial. Defendant's motion for judgment notwithstanding the verdict (mistrial) was granted, and plaintiff appeals. *Held:*

1. Before an owner can be held liable for the slippery condition of a floor, produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or would have known of its presence had he exercised reasonable care. See *Boatright v. Rich's, Inc.,* 121 Ga. App. 121, 122 (3) (173 SE2d 232). Here the plaintiff testified that she slipped but caught herself before falling, that when she caught herself she was jerked and experienced a pain in her back which later required treatment. Her testimony was that Stewart Carroll, an employee of defendant who was the only other witness to the incident, was working nearby and that after she had regained her balance and stated, "I don't know why I did like that," he stated to her, "They just put too much wax on the floor."

Defendant's evidence was that Stewart Carroll was not working at the time of the alleged incident, was not in the store at that time and had not spoken to plaintiff.

The resolution of the conflict in the evidence was for the jury. According to plaintiff's evidence the defendant had notice that the floor had been covered with an excessive amount of wax. Although defendant argues that it is uncontroverted that Stewart Carroll was not present in the store at the time of the alleged incident, such contention is not correct as plaintiff's testimony contradicts this contention. Issues of material fact remain for the jury. Therefore, the court erred in granting judgment notwithstanding the verdict (mistrial). *Gordon*

*v. Carter,* 126 Ga. App. 343, 344 (1) (190 SE2d 570).

2. There is no merit in defendant's contention that the statement of Stewart Carroll to the plaintiff was incompetent hearsay of no probative value. The statement followed plaintiff's slip and near fall so closely as to be free of afterthought, was not of a self-serving nature and was admissible as part of the res gestae. See Code § 38-305; *Haralson v. State,* 234 Ga. 406, 407 (3) (216 SE2d 304).

3. The plaintiff also contends that the court erred in granting defendant's motion for judgment notwithstanding the verdict (mistrial) because there was an admission by defendant in the pleadings which raised a factual issue. The admission referred to, that plaintiff had slipped due to the wax on the floor of defendant's store, had been deleted by amendment to defendant's answer with leave of the court. See Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). The pre-trial order specified that the issues for trial included the question of whether plaintiff slipped on defendant's premises and if so was the slip caused solely by defendant's negligence. Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106) provides that a pre-trial order when entered controls the subsequent course of the action. The trial court did not err in allowing defendant to amend its answer.

Although formally withdrawn from the pleadings and therefore not a solemn admission in judicio, the admission may be given such credence and effect as the jury may determine upon the trial of this case. See *Wood v. Claxton,* 199 Ga. 809 (1) (35 SE2d 455); *Stallings v. Britt,* 204 Ga. 250, 254 (2) (49 SE2d 517); Code §§ 38-402, 38-403.

4. ". . . [A]bsent an effort to compromise, admissions against interest or payments which constitute direct acknowledgement of claims are admissible." *White v. Front Page, Inc.,* 133 Ga. App. 749 (213 SE2d 32). Here the president (Mr. Butler) of the defendant Butler Corporation testified that he was approached outside the store by plaintiff and her companions. Plaintiff told him that she "almost slipped and fell in your store." Mr. Butler

testified that he told plaintiff that if she was in pain or hurt to, "let's go down to Dr. Snow's and let him examine you and we'll take care of everything that's wrong." This statement could be interpreted to mean that defendant's negligence was admitted. See *White v. Front Page, Inc.,* supra, p. 750, where the manager of the establishment told plaintiff after she had slipped and fallen, "'just go ahead and bring us the bill.'" Whether the statement was an admission of negligence or as defendant contends an attempt to document plaintiff's assertion that she was not injured is an issue of material fact to be determined by the jury. The court erred in granting the motion for judgment notwithstanding the verdict (mistrial). See *Gordon v. Carter,* 126 Ga. App. 343, 345, supra.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JUNE 28, 1977 — DECIDED SEPTEMBER 7, 1977.

*Hutto, Palmatary, Boshears & Magda, Edward E. Boshears,* for appellant.

*Fendig, Dickey, Fendig & Whelchel, Richard A. Brown, Jr.,* for appellee.