*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis, Lorraine Andrews,* for appellee.

## 32371. HALL v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his convictions of murder and armed robbery, for which he received two consecutive life sentences.

1. Enumeration of error 1 is the denial of the appellant's motion to suppress evidence obtained as a result of a seizure of property which was alleged to have been illegal for several reasons. The evidence shows that the police, acting on a tip from an informant, obtained the consent of the female lessee of an apartment to a search thereof. The evidence further showed that she and the appellant were living together in one bedroom of that apartment.

The appellant urges that the search was illegal because of lack of probable cause and failure to obtain a search warrant. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854)." *McKendree v. State,* 133 Ga. App. 295, 296 (211 SE2d 154) (1974). " '[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be

inspected.' United States v. Matlock, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974)." *Peek v. State,* 239 Ga. 422 (2) (1977). In *Peek,* the accused was living in one bedroom of his sister's house. Certainly consent could be given here, where the accused cohabited with the lessee in the same bedroom.

The appellant contends that the search was illegal for the additional reasons that it was a general search, that the informant was unreliable, and the informant's statement was hearsay. These are arguments which might appropriately be directed to a search with a warrant, where probable cause is a factor, and are not germane to a search by consent. The appellant claims that the police lured him away from his paramour's apartment in order to facilitate searching it. Even assuming that this was in some way reprehensible conduct, the police denied that this was their motive. Moreover, the search was authorized by the lessee's consent, as we have held, supra.

2. Enumerated error 2 contends that the trial judge improperly commented on the evidence by using a hypothetical illustration in his charge to the jury. The language objected to was in part, ". . . thus, if two persons form a common intent and purpose to go to the place of business of another and commit an armed robbery at such place of business. . ." The charge went on to set forth the principle that the act of murder by one coconspirator would be attributed to the other coconspirator.

"Where the trial judge in charging the jury correctly states the law governing the case, but exception is taken to an illustration used by the court explanatory of the illustration given, this court will not narrowly scrutinize the illustration, if satisfied that, whether right or wrong, it was not calculated to mislead, and did not in fact mislead, the jury." *Collier v. State,* 154 Ga. 68, 79 (113 SE 213) (1922). The illustration given by the judge tended to show what is meant in law by the attribution of the acts of one coconspirator to another, and was an apt illustration of the idea intended to be conveyed. Since the real question in this case was the identity of the co-conspirators, the facts of the crimes not being in dispute, this instruction could hardly have misled or confused the jury.

3. The appellant contends that the trial judge erred in permitting a witness for the prosecution to remain in the courtroom after a timely request for sequestration had been made. See Code § 38-1703. The witness involved was the nominal prosecutor, who had been directly involved in several phases of the investigation of the case against the co-defendant. The prosecutor stated in his place that he needed the witness' assistance during the trial. Under these circumstances, there was no abuse of discretion by the trial judge. See *Disby v. State*, 238 Ga. 178 (1) (231 SE2d 763) (1977) and cits. Enumerated error 3 is without merit.

4. In enumerated error 4, the appellant contends that the trial judge erred in admitting in evidence over his objection a federal firearms form under the Georgia Business Records Act. Code Ann. § 38-711 (Ga. L. 1952, p. 177).

There was evidence presented at trial that the form admitted was filled out and retained in the regular course of the pawn shop's business, being required by federal law for each sale of a firearm. This authorized the admission of the form in evidence. The fact that the blank on the form for the serial number of the firearm sold to the appellant was not filled in, did not affect the admissibility of the form. Section 38-711 provides in part that "[a]ll other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility." The physical appearance of the records is a question that goes to the weight, not the admissibility of, the evidence. *Whitehead v. Joiner*, 234 Ga. 457 (3) (216 SE2d 317) (1975). This enumerated error is without merit.

5. The trial judge did not err in admitting in evidence certain .22 caliber cartridges seized from the appellant's automobile, as contended in enumeration of error 5. "The undisputed evidence shows that the appellant freely and voluntarily authorized a search of his automobile. Therefore, he cannot complain of an illegal search and seizure." *Hightower v. State*, 228 Ga. 301 (1) (185 SE2d 82) (1971) and cit.

6. The seizure of the .22 caliber cartridges from the

appellant's automobile did not violate the appellant's Fourth- and Fourteenth-Amendment rights. As we have pointed out in Division 1, supra, "[p]robable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." *McKendree,* 133 Ga. App. 295, 296, supra. The seizure of the .22 caliber cartridges was justified by the facts that, at that time, the police had probable cause to believe that the appellant was involved in the murder with which he was subsequently charged; the police had a description of the assailants and their automobile, and the appellant and his automobile closely fit the respective descriptions; the police had received information from two persons, linking the appellant with the murder, and had received the autopsy report stating that fatal shots had been fired by a .22 caliber pistol. The fact that additional items — tire irons, white gloves and blasting caps — found in the appellant's automobile were also seized, does not make it illegal as a general search. The relevance of the cartridges has been established, and the other items were apparently not introduced in evidence.

This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 3, 1977 — DECIDED OCTOBER 19, 1977.

*Robert D. Peckham,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.