## 54334. FARRIS v. SNEED.

QUILLIAN, Presiding Judge.

This is an appeal from the grant of a summary judgment to the defendant as to Count 2 of a two-count complaint. Plaintiff brought suit against the defendant, a lawyer, alleging he employed the defendant in March of 1971 to represent him in a cause on a contract and that the defendant thereafter filed an action on March 10, 1971, but on July 11, 1972, dismissed the complaint without his consent or notice to him.

In Count 2, plaintiff alleged he employed defendant again in early 1973 to represent him in a cause on a

contract against Mrs. Hugh Morrow. Defendant filed a complaint against Mrs. Morrow on March 7, 1973, but the case was continued when first called and thereafter plaintiff alleged he heard nothing from the defendant throughout 1974 and 1975, although he repeatedly tried to contact him by telephone and by personal visits to his office. Plaintiff states he checked the court records on April 23, 1976 and found his action was dismissed by the court for "failure to prosecute the case to trial within two years from the filing of the action."

Plaintiff filed this action on September 9, 1976. Defendant answered and counterclaimed alleging harassment by the plaintiff. Defendant introduced copies of two letters from him to the plaintiff in which he recounted his efforts to reach the plaintiff and discover the facts of the case and to reach an understanding on the fee to be charged.

Defendant moved for summary judgment on Count 2, and attached an affidavit in which he stated that he had filed a motion on December 3, 1976 before the State Court of DeKalb County on behalf of the plaintiff in this case and attached a copy of the order of the court which reinstated the original action by this plaintiff against Mrs. Hugh Morrow. Thus, he contends that as the case which is the basis of Count 2 in the present action is now pending before the court the plaintiff "has not been damaged by any negligence or malfeasance of this Defendant. . ." The court granted defendant's motion for summary judgment as to Count 2. Plaintiff appeals. *Held:*

1. On summary judgment the burden is on the defendant, as movant, to pierce the allegations of the complaint and to establish, as a matter of law, the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114); *Scheer v. Cliatt,* 133 Ga. App. 702, 703 (212 SE2d 29). However, once a defendant who is a movant for summary judgment, pierces the pleadings of the plaintiff and shows the court that one essential element under any theory is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other

essential elements. *Waldrep v. Goodwin,* 230 Ga. 1, 2 (195 SE2d 432).

Although plaintiff's complaint alleged in part that his action against Mrs. Morrow was dismissed for failure to prosecute, we do not consider the reinstatement of this action to the court docket to negate an essential element to any theory of recovery. Nor does it pierce any pleading of the plaintiff.

2. On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of material fact is upon the movant, the defendant in this case (*Marsh v. Berens,* 237 Ga. 135, 136 (227 SE2d 36)), and the evidence must be construed most strongly against him. *Wheeler v. Rowell,* 234 Ga. 403, 405 (216 SE2d 301). No duty devolves upon the opposing party to produce rebuttal evidence until a prima facie showing for a summary judgment has been made by the movant. *Houston v. Doe,* 136 Ga. App. 583, 585 (222 SE2d 131). Thus, the movant has the burden even as to issues which the opposing party would have the trial burden. *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). In the instant case the crucial matter of inquiry was whether the actions of the defendant which permitted the complaint to be dismissed amounted to actionable negligence, and whether or not plaintiff is now prevented from successfully pursuing his remedy because of defendant's actions.

Plaintiff alleged in his complaint that the "four year statute of limitations had run against" his claim, and his "legitimate and proper lien against the real estate of Mrs. Morrow was extinguished." Further, plaintiff alleged he was never notified of the dismissal of these actions. On the other hand, defendant stated in his deposition that he did communicate the fact of dismissal of the Morrow action to the plaintiff and he denies that "the four-year statute of limitations had expired at the time the Plaintiff was notified of the dismissal." Defendant did not carry his burden of proving nonexistence of genuine issues of material fact.

3. In summary, reinstatement of the action to the court docket did not pierce any allegation of the complaint, nor did movant's evidence negate all issues of

material fact. As the movant did not establish that the issues of the assertion of the statute of limitation would not bar the reinstated action and the realty lien was not extinguished, he has failed to carry his burden. The court erred in granting summary judgment to defendant as to Count 2.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED JANUARY 6, 1978.

*Hugh F. Newberry,* for appellant.
*Dewberry & Avery, E. Dale Dewberry,* for appellee.