## 59448. LAWSON v. DUKE OIL COMPANY.

McMURRAY, Presiding Judge.

Duke Oil Company, as plaintiff, brought this action against Billy Lawson, as defendant, alleging that Lawson negligently damaged its tractor-trailer in a collision of motor vehicles on February 14, 1973. Lawson answered, denying the claim and counterclaimed for personal injuries and property damage to his vehicle arising out of the collision, said vehicle allegedly being operated by an agent, servant and employee of the defendant within the scope of his employment. Defendant later amended to admit that plaintiff was the owner of the tractor trailer as alleged in plaintiff's petition. The case was then regularly called for trial "pursuant to a special calendar," and there being no response or appearance by the plaintiff, the case was ordered dismissed for want of prosecution. However, it was later reinstated when this order was vacated.

Plaintiff responded to the counterclaim and denied that it was the owner of the tractor-trailer which "was owned by S. W. Duke Distributors, Inc. at the time of the collision," contending that at the time of the collision it had no right, title or interest in the tractor-trailer.

Duke Oil Company then moved for summary judgment, attaching the affidavit of Tommy Duke, president of Duke Oil Company and also president of "S. W. Duke Distributor, Inc.," setting forth certain facts with reference to the collision, naming the driver and type of tractor involved in the collision, and deposing therein that the driver was never employed by Duke Oil Company, with exhibits attached with reference to the certificates of title dated May 12, 1971, in the name of "S. W. Duke Oil Distributor, Inc." as to the tractor and April 21, 1971, in the name of "S. W. Duke Oil Distributors, Inc." as to the trailer, tax receipts, and other business records. The motion for summary judgment was heard, and based on the evidence it was held that the plaintiff Duke Oil Company was "entitled to judgment in its favor as to the Counterclaim filed by the defendant as a matter of law." The counterclaim was dismissed, and the defendant appeals. *Held:*

"The burden is upon the moving party to establish the lack of a

genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (1) (126 SE2d 442). See also *Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718, 719 (1) (200 SE2d 918); *Jaffe v. Davis,* 134 Ga. App. 651, 654 (215 SE2d 533).

Here we have the anomaly of a petitioner whose action for damages has been reinstated after dismissal then offering evidence counter to its pleadings and having its motion for summary judgment as to the counterclaim granted, leaving the main action pending in the trial court in which action it claims damages for the loss of a vehicle it now denies owning. The rule as to admissions in pleadings is clear. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Code § 38-402. See *Gray v. Atlanta Transit System,* 136 Ga. App. 573, 574 (1, 2) (222 SE2d 67). Even if the pleadings were formally withdrawn and therefore not solemn admissions in judicio, an admission can be given such credence and effect as a jury may determine upon the trial of the case. *Joyner v. William J. Butler, Inc.,* 143 Ga. App. 219, 220 (3) (237 SE2d 685). Where matter is contained in pleadings from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in his favor. *McLendon Elec. Co. v. McDonough Const. Co.,* 145 Ga. App. 137, 146 (243 SE2d 537); reversed on other grounds in *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510 (250 SE2d 424).

On consideration of summary judgments we and the trial court must look at the entire record. "While pleadings remain of record they constitute solemn admissions in judicio; they may be stricken, and thereafter, if they contain admissions against interest, they may be introduced by the opposite party for the purpose of contradiction to show a shift of position between mutually contradictory positions." *Davis v. Calhoun,* 128 Ga. App. 104, 107 (2) (195 SE2d 759). See also *Joyner v. William J. Butler, Inc.,* 143 Ga. App. 219, 220 (3), supra. In the latter case we held that the trial court erred in granting a motion for judgment notwithstanding the verdict (mistrial) in that there was an admission by the defendant in the pleadings which raised a factual issue. The same situation would apply to a motion for summary judgment. Further, where a party offers evidence in his own behalf, his testimony is to be construed most strongly against him when it is self-contradictory, vague or equivocal. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Lampkin v. Edwards,* 222 Ga. 288, 290 (149 SE2d 708). See also *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214), in which the Supreme

Court, in quoting from *W. & A. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494), stated that " '[A] party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him.' "

Accordingly, the trial court erred in granting summary judgment in favor of the plaintiff against the defendant as to the counterclaim and in dismissing it. Conflicting evidence remains before the court which prevents a determination that there is "no genuine issue as to any material fact," and the plaintiff is entitled to judgment as a matter of law. Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759); *Farris v. Sneed,* 144 Ga. App. 488 (241 SE2d 605); *Giant Peanut & Grain Co. v. Long Mfg. Co.,* 129 Ga. App. 685, 688-689 (201 SE2d 26). Compare *Brittain v. Reid,* 220 Ga. 794, 797 (2) (141 SE2d 903); *Moore v. Wachovia Mtg. Co.,* 138 Ga. App. 646, 649 (4) (226 SE2d 812).

*Judgment reversed. Deen, C. J., Quillian, P. J., Shulman, Birdsong, Carley and Sognier, JJ., concur. Smith and Banke, JJ., dissent.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED JULY 16, 1980.

*John F. Sweet,* for appellant.
*H. Lowell Hopkins, Patrick J. McKenna,* for appellee.

SMITH, Judge, dissenting.

I respectfully dissent. The major issue set forth in this appeal concerns the amendment by Duke Oil Company (Duke) to its complaint withdrawing its allegation of ownership of the tractor-trailer unit involved in the subject collision. After filing this amendment, Duke moved for summary judgment against Lawson's counterclaim. The basis for Duke's motion was its argument that Lawson could not recover from Duke in any event because the tractor-trailer was not owned by Duke and its driver was neither an employee nor an agent of Duke at the time of the collision. Lawson made no response to Duke's motion.

1. Duke's amendment reflecting that the tractor-trailer unit was owned by S. W. Duke Distributor, Inc., who is not a party to this case, was filed nearly five years after the filing of its original complaint. Lawson asserts that Duke was estopped from denying ownership at that time since the statute of limitation barred his bringing an action against the correct party. I cannot agree.

"A party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pre-trial order." CPA § 15 (a) (Code Ann. § 81A-115). As there was no pretrial order issued in this case, Duke was free to amend its complaint. Moreover, Duke's original pleadings were, by the subject amendment, stricken from the record insofar as they alleged ownership of the tractor-trailer unit, and "stricken or amended pleadings may not be used to work an estoppel against the pleader." *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978). Cf. *Martin v. Pierce,* 140 Ga. App. 897 (1) (232 SE2d 170) (1977); *Haskins v. Jones,* 142 Ga. App. 153 (3A) (235 SE2d 630) (1977).

There is nothing in the record to indicate that the evidence offered by Duke in support of its motion was "self-contradictory, vague or equivocal." In support of its motion, Duke submitted the affidavit of its president (who is also the president of S. W. Duke Distributor, Inc.) "made upon his own personal knowledge." The president stated that the subject tractor-trailer unit was owned by S. W. Duke Distributor, Inc. at the time of the accident. In addition, he submitted "true, correct and accurate copies" of the certificates of title and the 1973 ad valorem tax receipts for the tractor and trailer showing the owner to be S. W. Duke Distributor, Inc. In light of the foregoing affidavit, as well as Duke's amended pleadings, Lawson was required to "set forth specific facts showing that there [was] a genuine issue for trial." CPA § 56 (e) (Code Ann. § 81A-156). See *Vitiaz v. Chrysler Credit Corp.,* 135 Ga. App. 606 (3b) (218 SE2d 313) (1975).

Apparently bewitched by the discovery of an anomaly, the majority persists in viewing Duke's pleadings as if they had never been amended. However, the status of this case in the trial court is not before this court for review. Those cases cited by the majority in support of its position are factually distinguishable from this case in that either the "admission in the pleadings" was never formally withdrawn or the withdrawn admission was introduced into evidence by one of the parties. See Code §§ 38-402 and 38-403; *Davis v. Calhoun,* 128 Ga. App. 104 (2) (195 SE2d 759) (1973). To permit Lawson to remain mute in light of evidence which pierced his pleadings contravenes both the letter and spirit of the summary judgment section of the Civil Practice Act.

Furthermore, Lawson's counterclaim asserted Duke's ownership of the tractor-trailer unit at the time of the accident. However, since Duke did not respond to the counterclaim, the averments therein must be taken as denied. CPA § 8 (d) (Code Ann. § 81A-108 (d)). Despite this apparent conflict in the pleadings, Lawson did not begin his discovery until nearly four years later, and,

in response to initial interrogatories, Duke stated that the tractor-trailer was owned by a different corporate entity. Therefore, any delay in discovering the correct identity of the owner of the tractor-trailer was attributable to Lawson himself. See Code § 37-116; *Hurt Bldg. v. Atlanta Trust Co.,* 181 Ga. 274, 286 (182 SE 187) (1935).

2. In his affidavit, Duke's president further stated that the driver of the tractor-trailer unit was not an employee of Duke at the time of the accident. In addition, a copy of Duke's quarterly federal tax summary, Form 941, was attached to the affidavit. The form lists all persons employed by Duke for the first quarter of 1973, which included the date of the collision. The name of the person driving the tractor-trailer at the time of the collision is notably absent from this list. The president further stated that the form was "a business record of Duke Oil Company, and was prepared in the regular course of business of Duke Oil Company."

We need not decide whether the affidavit laid the proper foundation for qualifying the tax form as a business record under Ga. L. 1952, p. 177 (Code Ann. § 38-711). See *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556 (254 SE2d 881) (1979). Since the exhibit merely corroborated the president's averment as to the driver's employment, any "error would be harmless because the fact sought to be proved thereby . . . is merely cumulative . . ." *Ball v. State of Ga.,* 137 Ga. App. 333, 336 (2) (223 SE2d 743) (1976); Cf. *Hall v. State,* 239 Ga. 832 (4) (238 SE2d 912) (1977); *SCM Corp. v. Thermo &c. Products,* 153 Ga. App. 372 (3B) (265 SE2d 598) (1980).

Moreover, Lawson's argument that statements in the affidavit denying the existence of an agency relationship between the driver of the tractor-trailer and Duke when the collision occurred were "bare assertions" insufficient to prove the nonexistence of an agency relationship is without merit. "On the question of agency, the affidavits of parties to the alleged agency denying the existence of the agency are as to facts, whereas bare assertions and denials of third parties as to the agency are conclusions only." *Oglesby v. Farmers Mutual Exchange,* 128 Ga. App. 387, 389 (5) (196 SE2d 674) (1973).

Therefore, since Lawson presented no proof that the driver of the tractor-trailer unit was an employee or agent of Duke at the time of the collision, nor any evidence that Duke owned the tractor-trailer unit at that time, I would affirm the trial court.

I am authorized to state that Judge Banke joins in this dissent.