168 Ga. App. 472 (1983)
309 S.E.2d 629
IN RE V. T.
66545.
Court of Appeals of Georgia.
Decided September 27, 1983.
Rehearing Denied October 18, 1983.
Walter W. Kelley, for appellant.
Robert E. Baynard, for appellee.
McMURRAY, Presiding Judge.
V. T., a 14-year-old juvenile, was adjudged a delinquent after the juvenile court found that he had committed acts constituting the offense of statutory rape of a two-year-old infant. The evidence disclosed V. T. went to a friend's house late in the morning of the alleged rape. Shortly thereafter, the friend left to walk an aunt's dog, leaving V. T. alone with the friend's two-year-old sister. Prior to leaving to walk the dog, the friend had changed the baby's diaper several times and noted nothing unusual. When the friend returned about 15 minutes later, the baby was crying and there was blood on the diaper.
Physical evidence of the tear, bruising and swelling in the vaginal area of the two-year-old infant was sufficient to cause an examining physician to conclude that the infant's injuries were most probably caused by a male sex organ rather than some other object. Upon interrogation, V. T. admitted that he had sexually penetrated the child while his friend had gone to walk the dog. At trial, V. T. disputed the admissibility of the confession and the sufficiency of the evidence to support the juvenile court's findings in view of the evidence of an alibi and the lack of direct evidence that the child had been sexually penetrated and if so, by him. Held:
1. In the enumeration of error relating to the sufficiency of the circumstantial evidence to support the finding of delinquency, we disagree with the theories advanced by V. T. Whether in a given case *473 circumstances are sufficient to exclude every reasonable hypothesis except the guilt of the accused is ordinarily a question to be resolved by the trier of fact. An appellate court has no yardstick by which to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusions of a trier of fact. In the case sub judice, the trier of fact (the juvenile court judge) observed and heard the witnesses, and certainly is best qualified to judge the reasonableness of an hypothesis raised by evidence or its lack than by this court which is restricted to issues of law. Estep v. State, 154 Ga. App. 1 (267 SE2d 314). Where the trier of fact was authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, as an appellate court we will not disturb that finding unless the verdict of guilty is unsupportable as a matter of law. Staymate v. State, 237 Ga. 661 (1) (229 SE2d 421); Bowen v. State, 139 Ga. App. 190, 192 (228 SE2d 187). We find the evidence in this case to be sufficient to convince any rational trier of fact beyond a reasonable doubt that V. T. committed the acts by reason of which he was alleged to be delinquent. Brown v. State, 250 Ga. 66, 67 (1) (295 SE2d 727); Mulkey v. State, 250 Ga. 444, 447 (5) (298 SE2d 487). This enumeration is without merit.
2. With reference to the admissibility of V. T.'s confession (or admission against interest), the state first offered evidence that same was made freely and voluntarily after the juvenile had been advised of his Miranda rights and same was made not under any threats or any hope of reward with his mother present, although she was not in the same room at the same time he admitted the statements to the investigator. The officer testified that V. T.'s mother did not raise any objection to the statement and was shown the statement after it was typed, read it, agreed to it and signed it first. Whereupon, he was requested to read the statement into evidence. Counsel for V. T. then objected to the admission of the statement being read into evidence contending "the subject matter of the statement was taken and extracted from [V. T.] when his mother was not present." The following colloquy then occurred. "Court: In other words, you are questioning the validity of the statement? [Counsel]: Absolutely. Court: Okay, at that point in time, gentlemen, it's up to him to prove that it was not freely and voluntarily taken . . . it's up to [defendant] now to prove that it was not freely and voluntarily taken as I understand the rules."
The defense proceeded to call witnesses to show the lack of voluntariness which was followed by rebuttal by the state. Whereupon, the court ruled on the admissibility of the statement as follows: "I'm going to let it in. Your objections are noted for the record."
*474 First of all, it is not necessary that a parent of a child be present during the interrogation of the child, as long as protection is taken to protect the child's constitutional rights. See Marshall v. State, 248 Ga. 227, 228 (2) (282 SE2d 301). Here, however, the mother was present and made no objection to the taking of the statement which was reduced to writing and signed by her prior to her son signing it, although she thereafter contended it was under duress. The standard for determining whether or not a confession (or admission) was voluntary is the preponderance of the evidence standard. See Brooks v. State, 244 Ga. 574, 581 (2) (261 SE2d 379). Here the juvenile court judge, as the trier of fact, must use the preponderance of evidence standard and be satisfied that the confession was voluntary. See High v. State, 233 Ga. 153, 154 (210 SE2d 673). The decision of the trial court on this point will not be disturbed on appeal unless there is obvious error. See Ingram v. State, 137 Ga. App. 412, 413 (1) (224 SE2d 527); Johnson v. State, 233 Ga. 58 (209 SE2d 629).
Here, however, it is contended that the court shifted the burden of proof to the juvenile (defendant). We disagree.
"`The term "burden of proof" has a dual meaning: (a) Generally, the burden of proof rests where the pleadings place it; this is recognized as the burden of pleadings, and remains thus placed throughout the trial. (b) The burden of testimony or evidence is shifting, and, during the progress of a trial may alternately shift on facts or issues from one party to the other. As to the burden of pleadings, the trial court has no discretion; it is a matter of law. As to the burden of testimony or evidence, he has a discretion to determine whether or not the evidence produced, together with attending rules of presumption and procedure, under the particular case, has shifted it.'" Central of Ga. R. Co. v. Hester, 94 Ga. App. 226, 237-238 (94 SE2d 124); Dept. of Revenue v. Stewart, 67 Ga. App. 281, (4) (20 SE2d 40). See also Hawkins v. Davie, 136 Ga. 550, 552 (71 SE 873). Here, the state's witness (an investigator) testified that V. T. was advised of his Miranda rights and that the statement, marked state's Exhibit Number 9 was made voluntarily by V. T. The witness stated that V. T. was not threatened in any way and was not offered any inducement or reward. He further stated that V. T.'s mother read the typed statement and without raising any objection, signed it. Thereafter, the juvenile court judge stated: "[I]t's up to [V. T.'s attorney] now to prove it [V.T.'s statement] was not freely and voluntarily taken . . ."
Therefore, it was in the juvenile court judge's sound discretion to determine that the burden of introducing testimony, or the burden of evidence (not the ultimate burden of proof) moved to V. T. Accordingly, no shifting of the ultimate burden of proof took place in this case, and there is no merit in this enumeration of error.
*475 Judgment affirmed. Shulman, C. J., Deen, P. J., Quillian, P. J., Banke, Carley, Sognier and Pope, JJ., concur. Birdsong, J., dissents.
BIRDSONG, Judge, dissenting.
Though I am in full agreement with Division 1 of the majority opinion as to the sufficiency of the evidence, I must reluctantly enter my dissent as to the conclusion reached in the second division relating to the burden of proof concerning the voluntariness of the juvenile's confession.
The state's total evidence concerning voluntariness is shown in the transcript as follows: "Q. Was this statement made voluntarily by Mr. Thomas? A. Yes, sir, it was. Q. Was he threatened in any way? A. No, sir, he wasn't. Q. Was he offered any inducement or reward? Q. No, sir, none at all. Q. Did either he or his mother, Mrs. Thomas, raise any objection to the statement? A. No, sir."
Thereafter the following colloquy occurred:
"COURT: In other words, you are questioning the validity of the statement?
"[COUNSEL]: Absolutely.
"COURT: Okay, at that point in time, gentlemen, it's up to him to prove that it was not freely and voluntarily taken . . . it's up to [defendant] now to prove that it was not freely and voluntarily taken as I understand the rules."
Thereafter the defense called witnesses to show lack of voluntariness followed by rebuttal by the state. The trial court in admitting the statement said merely: "Y'all through on the admissibility stand. I'm going to let it in. Your objections are noted for the record."
It is clearly the law of this state as well as of this country that the burden always lies with the state to establish by at least a preponderance of the evidence that the statement of the defendant was voluntarily taken. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618); High v. State, 233 Ga. 153, 154 (210 SE2d 673). That burden can never shift. The legalism is recognized that once the state has shown voluntariness, the burden of going forward to create a question of fact may revert to the defendant. However, this can never *476 shift the burden placed upon the state which burden is mandated by constitutional criteria. See Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Considering the statements of the trial court and the modes of proof followed, it seems incontrovertible that the trial court required the defendant to show lack of voluntariness to a preponderance rather than requiring the state to show voluntariness. While the state argues that the evidence shows sufficiently that the statement met constitutional standards of voluntariness and thus the erroneous procedure was harmless, we should not speculate as to what constituted the trial court's understanding of the law of voluntariness. The court did not state its understanding to be that the defendant must raise a doubt as to voluntariness, nor put the state's offer of voluntariness into question. Taking the language used at its face value, necessarily one must ignore its plain meaning that the trial court believed the defendant had the burden of proving involuntariness. To reach the conclusion reached by the majority, one must "read between the lines" and speculate as to and assign a hidden meaning of the court's plain language. Moreover, it is not a question of whether the state could and did satisfy its burden (parenthetically we note the trial court curiously did not require the state to establish the voluntariness of the confession by the usual Miranda criteria), the error is that the trial court by its plain language placed that burden upon the defendant and for all that is apparent, allowed the statement into evidence solely because the defendant did not satisfy the court the statement was involuntary. This apparent erroneous shifting of the burden of proof (based upon an erroneous conclusion of law  see Marathon Oil Co. v. Hollis, 167 Ga. App. 48 (305 SE2d 864); Azar-Beard & Assoc. v. Wallace, 146 Ga. App. 671 (4) (247 SE2d 154)) in so crucial a matter requires that V. T.'s guilt or innocence be determined at a trial not so infected. LaRue v. State, 137 Ga. App. 762 (224 SE2d 837). To do less is to weaken the constitutional provisions designed to protect all citizens, the guilty as well as the innocent. The precedents of our legal system must be jealously guarded by this court and where doubt exists as to the legality of a constitutional procedure, I believe this court is duty bound to allow that doubt to redound to the benefit of the criminal defendant. Accordingly, I would reverse the judgment of conviction.
I respectfully dissent.