46398.   AETNA CASUALTY & SURETY COMPANY
v. AMMONS et al.

HALL, Presiding Judge. The insurer of an electrical contractor appeals from the order granting the contractor judgment on the pleadings. Although the insurer was named as a third-party defendant in another action (see *Horton v. Ammons,* 125 Ga. App. 69), the court ordered a separate trial on the issue involved here.

Very briefly, the question is whether the policy provides coverage for the damages incurred from the falling of a light fixture some six months after it was installed by the contractor. The policy is a "Manufacturers and contractors liability policy." Most of it is printed, standard-form material. The relevant part is the declarations page in which coverage is specifically set out. Declaration 3 reads: "The insurance afforded is only with respect to such and so many of the following coverages and divisions thereunder as are indicated by specific premium charge or charges shown below or in the attached general liability schedule." Following this is a description of hazards which has four divisions. There is a premium charge listed for only Division 1 which is entitled "Premises-Operations," with the further typewritten designa-

tion "Electrical wiring—within buildings including installation or repair of fixtures or appliances." There is no premium listed for Division 4 which is entitled "Products (including completed operations)." In the definition of hazards section, the following language occurs: "Products (including completed operations)—(1) Goods or products . . . handled . . . by the named insured . . . if the accident occurs after possession of such goods or products has been relinquished to others . . . and if such accident occurs away from premises owned, rented or controlled by the named insured . . . (2) operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed. . ."

We believe the occurrence in question fits into the above category of hazard; that the declaration requiring a specific premium charge to afford coverage is clear and unambiguous; and that since no charge is made for this hazard, the court erred in granting judgment to the contractor.

That the policy also contains an endorsement interpreting this hazard does not bring it within the coverage. Insurance policies often contain material extraneous to the actual coverage. The contractor here bought liability coverage for his own premises plus his operations *in progress* elsewhere. We do not find such ambiguity as to require a strained construction for the insured. See *Wolverine Ins. Co. v. Jack Jordan, Inc.*, 213 Ga. 299 (99 SE2d 95); *Hartford Acc. &c. Co. v. Hulsey*, 220 Ga. 240 (138 SE2d 310); and Aptaker v. Centennial Ins. Co., 198 S. 2d 188 (La. App.)

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur. Whitman not participating because of illness.*

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 28, 1971.

*Bouhan, Williams & Levy, Walter C. Hartridge, Edwin D. Robb, Jr.,* for appellant.
*Cowart, Sapp & Gale, G. B. Cowart,* for appellees.