65914. SHIRLEY et al. v. LONG.

SOGNIER, Judge.

Appellants, various members of the Shirley family, sued Charles M. Long and his father, James F. Long, Jr., for injuries suffered in an automobile collision. Appellants alleged that appellee James Long was liable under the family purpose doctrine because he provided the car involved in the accident to his son Charles. Appellants further alleged that appellee negligently entrusted the automobile to his son with knowledge of the son's intoxicated condition. The trial court granted summary judgment in favor of appellee and the Shirleys appeal.

Both appellee and Charles admitted in their original answers that appellee had provided the automobile involved in the collision for the son's general transportation. Appellee admitted essentially the same facts in answer to appellants' first interrogatories. Subsequently, the answer and interrogatories were amended to state that Charles had purchased the automobile himself and was the exclusive user of the car.

Appellants contend that the trial court erred in granting appellee's motion for summary judgment on the family purpose doctrine claim. We need not review again the four conditions necessary to find a cause of action under the family car doctrine; for a full discussion, see *Finnocchio v. Lunsford,* 129 Ga. App. 694-95 (2) (201 SE2d 1) (1973); *McCray v. Hunter,* 157 Ga. App. 509 (277 SE2d 795) (1981) and *Murch v. Brown,* 166 Ga. App. 538 ( 304 SE2d 750 ) (1983). In *Panter v. Miller,* 165 Ga. App. 266 (299 SE2d 185) (1983) we held that the defendant, by withdrawing part of his pleadings, does not eliminate admissions in those pleadings from the evidence which

may be considered by the jury. "Even if the pleadings were formally withdrawn and therefore not solemn admissions in judicio, an admission can be given such credence and effect as a jury may determine upon the trial of the case." *Lawson v. Duke Oil Co.,* 155 Ga. App. 363, 364 (270 SE2d 898) (1980). The existence of material, conflicting facts precludes summary judgment for appellee.

Turning next to the negligent entrustment allegation, appellee stated that due to a heart condition he had been physically unable to prevent his son from driving on the night in question even though he realized his son was intoxicated. This is a statement involving a medical state or condition of appellee and is solely his lay opinion. Although opinion evidence may be competent evidence, we ordinarily do not grant summary judgment solely on the basis of nonexpert opinion evidence. *Savannah Valley &c. Assn. v. Cheek,* 248 Ga. 745 (285 SE2d 689) (1982). For this reason, we again find that there was a genuine issue of material fact for the jury to consider. Accordingly, it was error to grant summary judgment to appellee.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 8, 1983 —
REHEARING DENIED JULY 25, 1983 — 

*Jerrold W. Hester, Gilbert H. Deitch,* for appellants.
*Warren Akin, William Morgan Akin, Groze Murphy, Jr.,* for appellee.