67991. CONTINENTAL INSURANCE COMPANY v. HAWKINS.

BANKE, Judge.

The plaintiff, B. L. Hawkins, brought this action against the defendant liability insurer to obtain indemnification for the amount of a judgment rendered against him in a suit by several store owners to recover for water damage caused by his alleged negligence in installing a sprinkler system in a shopping mall. The plaintiff also seeks to recover from the insurer attorney fees, litigation expenses, and a bad-faith penalty.

The defendant denied liability, based on a contention that the damage occurred after the installation of the sprinkler system had been completed, a contingency which the parties concede was not covered under the terms of the policy. The defendant appeals the grant of the plaintiff's motion for summary judgment and the denial of its own motion for summary judgment.

Prior to the hearing on the summary judgment motions, this court, in *Hawkins v. Turner*, 166 Ga. App. 50 (303 SE2d 164) (1983), reversed the judgment entered against Hawkins in the suit by the store owners. However, this does not render the present action moot in view of the fact that, in addition to indemnification, the plaintiff is seeking damages for the defendant's failure to defend that suit.

The parties stipulated to the following facts: Installation of the sprinkler system began on or about January 27, 1976, and the system was physically installed and operational on February 23, 1976. No further work remained to be done except that which might be required in order to obtain final approval by the building inspector and fire marshal. On February 24, 1976, the plaintiff received payment in full from the general contractor. The water damage occurred on March 30, 1976, on which date an insurance policy between the parties was in force. This policy provided coverage for "premise operations" but did not for "completed operations."

The policy stated that "operations shall be deemed completed at the earliest of the following times: (1) When all operations to be performed by or on behalf of the named insured under the contract have been completed, (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or (3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project."

The installation work was performed by Franklin Garrish, an employee of the plaintiff. Garrish averred by affidavit that the sprinkler system had been completed before the water damage occurred. Also, the fire marshal responsible for inspecting the system, averred by affidavit that the system had been completed and approved several weeks before the occurrence of the rupture which caused the damage. He stated that there was a final inspection scheduled for the day the damage occurred, but that this inspection would be of the building and not the sprinkler system. The only evidence which possibly could be viewed as contradictory is found in the plaintiff's affidavit, in which he averred that the fire marshal had not finally inspected the system. However, elsewhere in his affidavit, the plaintiff admitted that he had been paid for the job and that the sprinkler system was completed and operational. *Held*:

On the basis of the record before us, we conclude that the insurer has negated the existence of coverage under the terms of the policy and that the trial court consequently erred in denying the defendant's motion for summary judgment. See generally OCGA § 9-11-56; *Sentry Indemnity Co. v. Brady*, 153 Ga. App. 168 (264 SE2d 702) (1980). It follows that the court also erred in granting summary judgment to the plaintiff.

*Judgment reversed. Shulman, P. J., and Pope J., concur.*

DECIDED MARCH 13, 1984.

*J. David Burroughs*, for appellant.
*William S. Hardman*, for appellee.