77236. OLIVER v. HOUSING AUTHORITY OF AUGUSTA.
(374 SE2d 832)

SOGNIER, Judge.

The Housing Authority of the City of Augusta (The Authority) brought dispossessory proceedings against Robert L. Oliver, a tenant in a public housing development owned and operated by the Authority. The trial court granted summary judgment in favor of the Authority on the issue of possession, and Oliver appeals.

The record reveals that the "Admission Policies [and] Continued Occupancy Policies and Procedures" of appellee, promulgated pursuant to applicable United States Department of Housing and Urban Development (HUD) regulations, provide that housing is "restricted to *[f]amilies* meeting the eligibility requirements" for occupancy (emphasis supplied). "Family" is defined as a group of two or more related people, a single elderly person (at least 62 years old), or a single person who: (a) is under a disability as defined in Section 223 of the Social Security Act or Section 102 (b) 5 of the Developmental Disabilities Services and Facilities Construction Amendments of 1970, or (b) meets a specific definition of "handicapped" or "displaced."

Appellant, a single person, became a resident of public housing in Augusta in 1981. His application for admission represented that he was "without housing; Disabled" and that he was "supposed to start receiving a V.A. [disability] check." A space on the application blank for appellee to indicate priority in allocating housing was marked "Dis.," indicating that appellant was admitted to public housing on the basis that he was disabled. It is uncontroverted that appellant is not receiving Social Security or V.A. disability benefits, and appellant makes no claim that he is eligible because he is disabled. During a routine audit in 1986, HUD questioned the continued eligibility of certain of appellee's tenants, including appellant. Because appellee agreed that appellant was not eligible, it proceeded to terminate his tenancy.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because genuine issues of material fact exist as to whether appellant remains eligible for public housing. Appellant argues that his application for admission to public housing in 1981 indicates two bases for eligibility, rather than one, and that since his eligibility was also based on his status as a "displaced person," he continues to be eligible. We do not agree.

Appellant argues that he was "displaced" because he was evicted from a hotel located at 2110 Walton Way on August 10, 1981, when it was "condemned." However, this conflicts with appellant's application for public housing, dated July 12, 1981, in which he listed his address as 1336 Conklin Avenue. The statement in appellant's affidavit that he moved to the Conklin Avenue address for a period of two weeks after he was evicted from the Walton Way hotel on August 10, 1981, cannot be considered to be a "reasonable explanation" for the contradiction under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986), because it fails to explain why the Conklin Avenue address was given by appellant approximately one month *before* his alleged eviction from the Walton Way hotel, when he was presumably still living there. Thus, under *Prophecy Corp.*, appellant's statement that he was evicted from the Walton Way hotel must be eliminated from consideration on summary judgment, id. at 28 (1), leaving only his statement that he was residing at 1336 Conklin Avenue when he applied for housing. It is thus not necessary that we decide whether appellant's alleged eviction from the Walton Way hotel would have qualified him under appellee's rules and regulations as a "displaced person." Construing appellant's remaining statement favorably to him as the respondent on motion for summary judgment, id., appellant could not have been admitted to public housing on the basis that he was a "displaced person" because he was living at the Conklin Avenue address and thus did not fall within the statutory definition of "displaced." Accordingly, the trial court did not err by granting summary judgment in favor of appellee. See generally *Lynch v. Ga. Power Co.*, 185 Ga. App. 256, 258-259 (2) (363 SE2d 777) (1987).

2. The record establishes that appellant was afforded access to the grievance procedure prior to appellee's filing its affidavit for a dispossessory warrant, and that after notice, both appellant and his counsel failed to appear for the hearing. Consequently, we find no merit in appellant's contention that he was denied an opportunity to address these matters in a formal grievance procedure as set forth in appellee's rules and regulations.

3. Appellant finally asserts that appellee's actions in evicting him were in direct retaliation for appellant's vocal opposition to certain policies of appellee. However, in support of its motion for summary judgment, appellee submitted the affidavit of J. Madden Reid, appellee's Executive Director, who stated upon personal knowledge that the termination of appellant's tenancy was not in retaliation against him for any activity in which appellant may have been engaged, but was based on appellee's determination that he was not eligible to occupy one of appellee's apartments. Nothing in appellant's affidavit submitted in opposition to the motion for summary judgment rebuts

this evidence. Accordingly, the trial court did not err by finding that appellant's allegations in this regard were unfounded. See generally *Michelin Tire Corp. v. Irving*, 185 Ga. App. 783, 784-785 (1) (366 SE2d 156) (1988).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 28, 1988.

*E. Ronald Garnett*, for appellant.
*David E. Hudson*, for appellee.