77202, 77203. SOUTHERN GUARANTY INSURANCE
COMPANY OF GEORGIA v. JEFFARES et al. (two cases).

(379 SE2d 167)

SOGNIER, Judge.

Southern Guaranty Insurance Company of Georgia brought this declaratory judgment action to determine its obligations under a manufacturers and contractors liability policy it issued to Mobile Air Control, Inc. Mobile Air previously had been named as a defendant, along with Craig Jeffares and Countryside Mobile Homes, Inc., in an action filed by Virginia and James Scott, and Southern Guaranty included all the parties to that action as defendants in the case sub judice. Upon cross-motions for summary judgment, the trial court entered an order granting summary judgment in favor of the defendants and denying Southern Guaranty's motion. Southern Guaranty filed an appeal from the summary judgment order, which we designated as Case No. 77202. Three months after entry of summary judgment, the trial court entered another order denying Mobile Air's petition for attorney fees and making the summary judgment order the final judgment in this case, and Southern Guaranty filed another appeal from the final judgment, Case No. 77203, enumerating the same errors as in Case No. 77202.

The material facts are not in dispute. Appellees James and Virginia Scott purchased a mobile home from appellee Countryside on February 1, 1986. Countryside then contracted with appellee Mobile Air to install gas lines and an air conditioning system at the home. Appellee Jeffares, the installer for Mobile Air, testified by deposition that as of February 24, 1986, he had completed the electrical, gas, and air conditioning hookups, installed the air conditioning unit, and received approval of the work from the requisite county inspectors, but was unable to charge and test the unit at that time because the outside temperature was below the seventy-five degree minimum established by the manufacturer and the electrical service to the home was not yet connected. Countryside paid the contract price in full on February 25th. The home was destroyed by fire three days later before the Scotts moved in. The Scotts then brought suit against Countryside, Mobile Air, and Jeffares to recover damages resulting from the fire.

Appellant filed this action to determine whether the completed operations exclusion in the policy issued to Mobile Air precluded coverage for said loss. The policy issued to Mobile Air excludes coverage for bodily injury or property damage included within the "completed

operations hazard," which is defined in the policy as damages arising out of the insured's operations after completion. The policy further provides: "Operations shall be deemed completed at the earliest of the following times: (1) when all operations to be performed by or on behalf of the named insured under the contract have been completed, (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or (3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project. Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed." The trial court ruled that under this policy language appellant was obligated to provide coverage for the Scotts' claim because the work had not been "completed" within the meaning of the policy definitions at the time of the fire.

1. At the outset, we note that appellant's second notice of appeal was not necessary. An order granting summary judgment is subject to review by direct appeal, OCGA § 9-11-56 (h), even if other issues remain pending before the trial court. *Capital Bank of Miami v. Levy*, 151 Ga. App. 819, 821 (1) (261 SE2d 722) (1979). Accordingly, Case No. 77203 is dismissed.

2. Appellant contends the trial court's denial of its summary judgment motion was error because the remaining charging and testing of the air conditioning unit were "minor details of performance" as described in *Hartford Accident &c. Co. v. Strain Poultry Farms*, 166 Ga. App. 334, 336-337 (2) (303 SE2d 781) (1983), and consequently the completed-operations exclusion applied. We do not agree. Appellee Jeffares, who installed the unit and thus was the person most familiar with the scope of work to be performed, testified that his work was not finished because he had to charge the unit and determine whether it performed properly. The record clearly establishes that this remaining work was necessary for full performance of the contract requirements, and accordingly the operations to be performed by the insured under the contract at the job site were not completed when the fire occurred. See *Hartford*, supra at 337. Compare *Continental Ins. Co. v. Hawkins*, 170 Ga. App. 274 (316 SE2d 596) (1984), in which the insured contractor and its installer testified that the project was "completed and operational" before the damage at issue occurred. The remaining work in the case at bar was not in the nature of "service or maintenance work" or "correction, repair or replacement," but was an essential element of the contract performance. Further, there is no dispute that the air conditioning unit had not been turned on or otherwise put to its intended use by anyone,

including Mobile Air. Accordingly, we find the trial court properly denied appellant's motion for summary judgment. See *Hartford*, supra.

3. Appellant also contends the trial court erred by granting summary judgment in favor of appellees because a fact question remains in the form of a contradiction between Jeffares' deposition testimony and a prior statement he made to an insurance investigator. When a party-witness tenders contradictory testimony on motion for summary judgment, "if a reasonable explanation is offered for the contradiction, the testimony will not be construed against [him]." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). The record reveals that in a taped interview Jeffares told the insurance investigator that "to the best of [his] knowledge" the job was totally completed on or about February 24, 1986, but that he was making this statement without consulting his records. At his deposition three months later, Jeffares explained that he had been responding to the questions as phrased by the investigator, and that he understood the question to be whether he had finished all the work required up to the point of inspection. We agree with the trial court's conclusion that to the extent this testimony was contradictory it was satisfactorily explained and accordingly will not be construed against appellee Jeffares. See *Prophecy Corp.*, supra at 30-31 (3). Therefore, the trial court properly granted summary judgment in favor of appellees, and accordingly we affirm in Case No. 77202.

*Judgment affirmed in Case No. 77202; appeal dismissed in Case No. 77203. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED FEBRUARY 27, 1989.

Robert M. Darroch, Cynthia B. Smith, for appellant.
Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Stephen A. Friedman, C. Jeffrey Kaufman, William B. Lyons, for appellees.