A89A0684. STROZIER v. SIMMONS U. S. A. CORPORATION et al.

(385 SE2d 677)

BEASLEY, Judge.

 As a result of an injury he received at work while operating a baling machine on July 3, 1985, Strozier brought an action against several defendants, including Simmons U. S. A. Corporation and Simmons Manufacturing Company, Inc. The remaining defendants are not involved in this appeal.

 The baling machine was owned by Simmons Manufacturing and operated at its plant. After Strozier's injury, Simmons U. S. A. filed a workers' compensation claim on his behalf and obtained benefits for him. When the two Simmons companies answered Strozier's complaint they admitted that he was employed by Simmons U. S. A. only and not by Simmons Manufacturing. In the latter portion of the answer the defendants reiterated that they admitted Strozier was employed solely by Simmons U. S. A. and denied that he was employed by any other defendant. The same theme was carried forward in a statement of material facts by defendants wherein it was set forth that Simmons U. S. A. was the employer of Strozier and his injury was covered by workers' compensation. The first motion for summary judgment, which was later withdrawn, also relied upon the fact that Simmons U. S. A. was Strozier's employer.

 Subsequently the answer was amended to set out a new theory of defense, that defendants were joint venturers and joint employers of Strozier. Their second motion for summary judgment contended that they therefore both enjoyed workers' compensation immunity. In support of this contention affidavits and documents were presented that showed the two corporations to be virtually inseparable, Simmons U. S. A. being the administrative arm and Simmons Manufacturing being the operating branch of an interlocking entity. It was also shown

that the two merged in 1986. From the proof offered Simmons U. S. A. kept the records and paid Strozier's salary; Simmons Manufacturing, beside owning the machine and building where Strozier worked, also sent Strozier his W-2 tax form which indicated that he was its employee.

After a hearing the trial court granted summary judgment to defendant Simmons U. S. A., the successor corporation of the two defendants. It found that through a corporate linear arrangement they were both wholly owned subsidiaries of Gulf & Western; that the majority of their officers was the same; that they each conducted corporate meetings at the same time and location; that the two corporations merged in 1986; that Simmons U. S. A. handled the payroll and other administrative services, while Simmons Manufacturing issued W-2 tax forms to Strozier and owned the factory where he worked and the machine which injured him. The court further found that Strozier denied he worked for a joint venture and there was no joint venture agreement offered into evidence although there was a memorandum which outlined the corporate reorganization of the two companies. The court concluded as a matter of law that the corporations were engaged in a joint venture and an action against them was barred by the exclusive remedy provisions of workers' compensation law, citing *Seckinger & Co. v. Foreman*, 252 Ga. 540 (314 SE2d 891) (1984), and *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120 (276 SE2d 272) (1981).

Strozier appeals and contends that the evidence did not demand a finding in favor of the defendants and further that the admissions made by defendants were alone sufficient to prevent the grant of summary judgment.

First of all, considering only the proof offered in support of defendants' motion for summary judgment, there is a serious question whether the evidence demands judgment in their favor. The evidence tends to show that either one or the other corporation was Strozier's employer but not necessarily both. For instance, the W-2 form listed Simmons Manufacturing as employer and made no mention of Simmons U. S. A.; likewise as regards a monthly pension roll listing Simmons Manufacturer's employees. On the other hand, the workers' compensation claim form listed Simmons USA/Gulf & Western as employer and Strozier's pay check contained only the name Simmons U. S. A. as payor. In such circumstances can it be said there was no genuine issue of material fact?

Be that as it may, the statements contained in defendants' initial pleadings are controlling. OCGA § 24-3-30 provides that a party may avail himself of allegations contained in the other party's pleadings without the necessity of offering them into evidence. See *Wood v. Isom*, 68 Ga. 417 (1) (1882); *East Tenn. &c. R. v. Kane*, 92 Ga. 187 (5)

(18 SE 18) (1893). In fact, a party to a suit will not even be allowed to disprove an admission made in his pleadings without first withdrawing it from the record. *Greene v. Gulf Oil Corp.*, 119 Ga. App. 87, 89 (2) (166 SE2d 626) (1969). Where the pleading has been stricken, the admission contained therein remains to be utilized as evidence of fact which the admitting party can explain but may be unable to conclusively refute. *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980); *Gentile v. Miller, Stevenson & Steinichen*, 257 Ga. 583 (361 SE2d 383) (1987).

Defendants never expressly withdrew the admissions contained in their pleadings, which means they were bound by the admissions. *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727, 728 (152 SE2d 557) (1966). Even if the amendment to their answer impliedly withdrew the admissions, they would still be faced with them as evidence. The argument that the proof submitted by defendants pierced the pleadings so as to impose upon Strozier, as the party opposing the motion, the burden to come forth with evidence to the contrary [*Wilson v. Nichols*, 253 Ga. 84 (316 SE2d 752) (1984)] simply misconstrues what the admissions constitute. They are not merely pleadings but evidence refuting the assertion based upon offered proof by defendants that they were a joint enterprise. *Shirley v. Long*, 167 Ga. App. 545 (307 SE2d 506) (1983); *Richmond County v. Sibert*, 218 Ga. 209, 212 (126 SE2d 761) (1962); *Lawson*, supra.

Vital is the concept that defendants, having admitted to the contrary, could not establish as a matter of law that the admission was untrue, but only could raise an issue of fact for a jury to determine. This rests upon the same principle applied to contradictory testimony by a party as set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). The court determines as an issue of law whether the conflicting testimony of the party is explained. If not then the unfavorable version prevails, but if so, then that only allows the credibility issue to reach a jury for decision because a genuine issue of material fact remains. *Gentile*, supra.

It was error to grant summary judgment to defendant Simmons U. S. A.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

### On Motion for Rehearing.

Movant Simmons U.S.A. contends that we failed to follow *Southern Guaranty Ins. Co. of Ga. v. Jeffares*, 190 Ga. App. 449, 451 (3) (379 SE2d 167) (1989), which determined that summary judgment could be granted in favor of a party whose contradictory testimony was satisfactorily explained. *Gentile v. Miller, Stevenson & Steinichen*, 257 Ga. 583 (361 SE2d 383) (1987) [cited in the opinion],

an earlier decision of the Supreme Court reversing 182 Ga. App. 690, held that "the reasonable explanation merely permits the favorable portion of the contradictory testimony to remain as evidence to be considered; the reasonable explanation does not operate to *eliminate* the adverse unfavorable testimony so as to *establish* any fact authorizing the *grant* of summary judgment. The reasonable explanation does not act to exclude the existence of an issue of fact, if such is raised by the party's contradictory statements themselves, or by other evidence." (Emphasis in original.)

Insofar as any rule expressed in *Southern Guaranty* conflicts with *Gentile*, it must yield. 1983 Ga. Constitution, Art. VI, Sec. VI, Par. VI.

*Rehearing denied. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur.*

DECIDED JUNE 23, 1989 —
REHEARING DENIED JULY 31, 1989 — 

*Weiner, Dwyer, Yancey & Mackin, J. Matthew Dwyer, Jr., Beryl H. Weiner, John D. Stone, Thomas C. Dempsey,* for appellant.

*Neely & Player, Randall M. Davis, Leigh M. Smith,* for appellees.