A90A1923. TRAVELERS INSURANCE COMPANY v. TY COMPANY SERVICES, INC.
(399 SE2d 562)

BANKE, Presiding Judge.

Ty Company Services, Inc., brought this action against Travelers Insurance Company, Patricia Hamilton, Parrish Farms, Inc., James L. Allen, and Kennon Tractor Company, seeking a declaratory judgment to the effect that a policy of general liability insurance issued to it by Travelers covered a wrongful death claim being asserted against it by Ms. Hamilton. Travelers counterclaimed seeking a declaration that no

coverage was afforded under the policy and that it had no obligation to defend Ty Company in the wrongful death action. At the conclusion of a bench trial, the trial court ruled that the policy did provide coverage under the circumstances. Travelers brings this appeal from that ruling.

The material facts are not in dispute. In 1984, a movable irrigation system, called a "Lockwood center pivot irrigation system," was installed on certain property belonging to James Allen. On June 6, 1987, Ty Company was hired to make certain repairs to this irrigation system, consisting of the removal and replacement of a damaged electrical plug. The company has not performed any subsequent work on the system. Sometime after the repair was completed, the system was towed to another location on Allen's property, where the plug in question was modified by others. On August 17, 1987, the decedent, who had leased certain farmland owned by Allen, including the use of the irrigation system, participated in towing the rig to yet another location on Allen's property; and in attempting to operate it at that location, he received an electrical shock which resulted in his death.

The policy issued to Ty Company by the appellant contained a "completed operations hazard" exclusion. The term "completed operations hazard" was defined by the policy as follows: " 'Completed operations hazard' includes bodily injury and property damage arising out of operations or a reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times: (1) When all operations to be performed by or on behalf of the named insured under the contract have been completed, (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or (3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project. Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed." *Held*:

We must agree with Travelers that the policy exclusion is applicable as a matter of law, it being apparent without dispute that the insured had fully completed its repairs to the irrigation system approximately two months before the accident occurred and that the system had thereafter been put to its intended use. There is no way,

consistent with the unambiguous language of the policy, that the appellant could be held liable for coverage under these circumstances. See generally 12 Couch on Insurance 2d (Rev. ed.) § 44A:24; *Savannah Laundry &c. Co. v. Home Ins. Co.*, 189 Ga. App. 420 (376 SE2d 373) (1988); *Continental Ins. Co. v. Hawkins*, 170 Ga. App. 274 (316 SE2d 596) (1984); *Aetna Cas. &c. Co. v. Ammons*, 125 Ga. App. 74 (186 SE2d 495) (1971). Compare *Southern Guaranty Ins. Co. v. Nixon*, 194 Ga. App. 398 (390 SE2d 638) (1990) (where certain installation work remained to be performed); *Southern Guaranty Ins. Co. of Ga. v. Jeffares*, 190 Ga. App. 449 (379 SE2d 167) (1989), overruled on other grounds in *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 604 (385 SE2d 677) (1989) (where certain remaining work was similarly necessary for full performance of the contract requirements).

The appellees further contend that if the "completed operations hazard" exclusion is applicable, this case falls within an exception to the exclusion pertaining to injuries arising out of "(a) operations *in connection with the transportation of property* . . . [or] (b) the existence of tools, *uninstalled equipment* or abandoned or unused materials. . . ." (Emphasis supplied.) Clearly, the first of these exceptions was intended to cover injuries arising from transportation activities associated with work being performed by the insured, rather than ongoing transportation activities occurring after the insured's operations have been completed and the property has been put to its intended use by the insured's customer. It is similarly obvious that the "uninstalled equipment" exception was intended to apply to equipment placed on the premises in connection with the insured's operations. Otherwise, the policy would provide coverage for activities completely disassociated with the insured's operations and over which the insured has no control. Accordingly, we hold that the evidence in this case demanded a judgment in favor of the appellant insurer.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 29, 1990.

*Divine, Wilkin, Deriso & Raulerson, R. Kelly Raulerson*, for appellant.

*Allen & Kelley, Roy Benton Allen, Jr.*, for appellee.