## A92A1164. HARTFORD INSURANCE COMPANY OF THE SOUTHEAST v. FRANKLIN et al.

(424 SE2d 803)

SOGNIER, Chief Judge.

Bonnie Franklin filed suit individually and as the executrix of the estate of Charles Franklin against Country Rock Cafe, Inc., alleging that the Cafe negligently served alcoholic beverages to a noticeably intoxicated person, Barbara Tidwell, who then left the Cafe in her car and collided with a vehicle driven by Charles Franklin, killing him

and injuring Bonnie Franklin. The Cafe filed a third-party complaint against Hartford Insurance Company of the Southeast, seeking indemnification and a defense under a liability policy Hartford issued to the Cafe. Hartford answered and counterclaimed for a declaratory judgment that it was not liable to the Cafe because of an exclusion in the policy. The trial court denied Hartford's motion for summary judgment on its counterclaim against the Cafe, and we granted Hartford's application for interlocutory appeal.

Appellee Country Rock Cafe (hereinafter "appellee") owned and operated a bar and restaurant in Atlanta. Appellant issued to appellee a comprehensive business liability policy containing the following provision: "[T]his policy does not apply . . . to bodily injury or property damage for which the insured . . . may be held liable: (a) as a person or organization engaged in the business of . . . selling or serving alcoholic beverages . . . if such liability is imposed (1) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or (2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person." Franklin's complaint against appellee alleged that it was negligent per se for having sold alcoholic beverages to a noticeably intoxicated person in violation of OCGA §§ 3-3-23; 51-1-40.

Appellant moved for summary judgment on the ground that the above exclusion applied to the estate's and Franklin's claims against appellee, thereby relieving appellant of any duty to defend or provide coverage to appellee. In response, appellee contended that appellant should be ordered to provide coverage either because the exclusion was void as against public policy or on the basis that appellant should, because of its conduct, be estopped from denying coverage. The trial court denied appellant's motion and certified the question for immediate review.

1. Appellant first contends the exclusion at issue is unambiguous and unequivocally excludes from coverage all claims Franklin and the estate have asserted against appellee. "Ambiguity in an insurance policy may be defined as duplicity, indistinctness, an uncertainty of meaning or expression. [Cit.]" (Punctuation omitted.) *Alley v. Great Am. Ins. Co.*, 160 Ga. App. 597, 599 (287 SE2d 613) (1981). We agree with appellant that the exclusion at issue unambiguously provides that the insurance policy does not accord liability coverage for one selling or serving alcoholic beverages if liability is imposed either by laws pertaining to the sale or use of alcoholic beverages or by the selling or serving of alcohol to a minor or an intoxicated person or when the alcohol sold causes or contributes to intoxication. Even applying the rule that any exclusion from coverage must be construed strictly

against the insurer, *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (299 SE2d 561) (1983), the policy language remains plain and unambiguous, and accordingly the parties are bound by its terms. See id. at 614; see also *Ranger Ins. Co. v. Columbus-Muscogee Aviation*, 130 Ga. App. 742, 745 (4) (204 SE2d 474) (1974) (policy containing plain and unambiguous policy limitation on insurer's liability cannot be expanded beyond what is fairly within its plain terms). Since the claim alleged against appellee seeks to impose liability for violation of OCGA § 3-3-23 (sale or service of alcoholic beverages to person under 21 years of age) and OCGA § 51-1-40 (dram shop law), it clearly falls within the scope of the exclusion in the policy issued to appellee. Accord *Zurich Ins. Co. v. Uptowner Inns*, 740 FSupp. 404 (S. D. W. Va. 1990) (identical policy provision held to be unambiguous and to exclude coverage for claim asserted by one injured by driver who became intoxicated at defendant's tavern).

2. We likewise agree with appellant that the policy provision at issue is not void as against the public policy of this State. " 'A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law. [Cits.]' [Cit.]" *Department of Transp. v. Brooks*, 254 Ga. 303, 312 (328 SE2d 705) (1985). Contracts will not be voided by the courts as against public policy except where the case is free from doubt and an injury to the public interest clearly appears. *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393 (282 SE2d 903) (1981).

The only element named in *Brooks* that is at issue here is the question whether the exclusion is contrary to the public policy of the State as reflected in the laws underlying the claim asserted against appellee. Our courts have found insurance policy exclusions to be unenforceable when the General Assembly has enacted legislation requiring insurance coverage for the claim sought to be excluded by the policy provision at issue and the exclusion was deemed contrary to the public interest. See *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986) (presence of compulsory no-fault liability insurance law precludes enforcement of exclusion that puts insured at unreasonable risk of unanticipated liability); *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985) (same law precludes enforcement of liability exclusion for drag racing). These cases are distinguishable from the case at bar. Although the General Assembly has imposed liability for the service of alcohol to a noticeably intoxicated person who then injures another as a result of the intoxication, no law or policy of this State requires *insurance coverage* for such a liability. The reasoning in *Emory Univ. v. Porubiansky* is likewise distinguish-

able because the instant insurance policy does not shield a party from *liability* established by statute, but rather excludes such liability from coverage under the policy. Accordingly, we find no fatal conflict between the exclusion at issue and the public policy of this State.

3. Given that a judgment right for any reason will be affirmed, we must consider whether the trial court's ruling on appellant's motion for summary judgment can be upheld based on appellee's argument below that appellant should be estopped from asserting the exclusion. Appellee's president, Wayne Scruggs, testified by affidavit that he requested "full coverage on the operations of the restaurant and bar," that the agent told him the business was fully covered, and that the agent did not inform him of any exclusion concerning the sale of alcohol. The insured in *Savannah Laundry &c. Co. v. Home Ins. Co.*, 189 Ga. App. 420 (376 SE2d 373) (1988), presented virtually identical evidence in support of an estoppel argument. We declined to apply the doctrine of estoppel because the insured was under a duty to read and examine the policy and to reject it as unacceptable or renegotiate it if the coverage the insured sought was not provided in the policy. Id. at 422-423 (2).

Even construing all evidence in the case sub judice in favor of appellee as the respondent, the same legal principles applied in *Savannah Laundry* control the result here. The policy was issued nine months before the accident at issue occurred; therefore, appellee was obligated to examine the policy and reject or renegotiate if it did not receive the coverage Scruggs claims to have requested. Accord *DeJonge v. Mutual of Enumclaw*, 800 P2d 313, 314-315 (Ore. App. 1990) (insurer not estopped from denying coverage pursuant to an alcohol sale exclusion for a claim involving the sale of alcohol to a minor who caused an accident in which another person was killed). There is no evidence of any intentional misrepresentations by appellant that would excuse appellee's failure to examine the policy. See *Appling v. Home Fed. Savings &c. Assn.*, 185 Ga. App. 356, 358-360 (364 SE2d 91) (1987). We decline to follow the California case appellee cites, *Aetna Cas. &c. Co. v. Velasco*, 240 Cal. R. 290 (1987), because that case established principles which conflict with well-established precepts of Georgia insurance and contract law. Consequently, we hold the trial court erred by denying appellant's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED NOVEMBER 6, 1992

*Chambers, Mabry, McClelland & Brooks, John C. Stivarius, F. Scott Young*, for appellant.

*McLain & Merritt, Albert J. Decusati, J. Douglas Sexton*, for appellees.