A93A0517. SAFECO INSURANCE COMPANY OF AMERICA v. SHAWNEE MECHANICAL CONTRACTORS, INC. et al.
(433 SE2d 66)

JOHNSON, Judge.

Clifford Slaven and Michael Anderson, both under the legal age to purchase alcoholic beverages, were involved in a single car accident after allegedly purchasing alcohol from Shawnee Mechanical Contractors, Inc. d/b/a Kennesaw House of Spirits and Two Guys 101 Package Store. Safeco Insurance Company of America filed a declaratory judgment action against Shawnee, Slaven, his parents and Anderson, contending that an insurance policy it issued to Shawnee does not cover any personal injury or property damage claims arising out of the accident because of a "liquor liability exclusion" in the policy.

The exclusion provides, "This insurance does not cover . . . 'Bodily injury' or 'property damage' for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages." The trial court denied Safeco's motion for summary judgment. We granted Safeco's application for interlocutory review of the court's denial of the motion for summary judgment.

Appellees Shawnee, the Slavens and Anderson contend that the liquor liability exclusion is ambiguous, that it is against public policy and that Safeco is estopped from denying liability based on alleged oral representations of its agent. These contentions have recently been decided adversely to the appellees. In *Hartford Ins. Co. &c. v. Franklin*, 206 Ga. App. 193 (424 SE2d 803) (1992), we held that a liquor liability exclusion almost identical to the one in the instant case is not ambiguous, that it is not contrary to public policy and that the insurance company is not estopped from asserting the exclusion based on the alleged misrepresentations of its agent. Applying that holding to the instant case, we are compelled to find that the appellees' contentions are without merit. Because of the unambiguous language of the exclusion, the policy does not cover the property damage or personal injury claims of the Slavens and Anderson for which Shawnee may be liable. There are no genuine issues of material fact and Safeco is entitled to judgment as a matter of law. The trial court erred in denying Safeco's motion for summary judgment.

*Judgment reversed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 — 

*Bovis, Kyle & Burch, Steven J. Kyle, Stuart S. Busby*, for appellant.

*Adkins & Robertson, Russell L. Adkins, Jr., W. Anthony Moss*, for appellees.

