A94A0051. WILLIAMS et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(443 SE2d 713)

SMITH, Judge.

This insurance coverage dispute arose out of a collision between a car driven by Billy Williams and a car driven by Jerome Colvin and owned by James Whitmore. Williams and his wife filed suit against Colvin and Whitmore. Georgia Farm Bureau, Whitmore's liability carrier, filed a declaratory judgment action against the parties to the personal injury action and Safeway Insurance Company, the Williamses' uninsured motorist carrier. Georgia Farm Bureau filed a motion for summary judgment on the basis of its policy provisions, contending that Colvin did not have permission to use the vehicle or, alternatively, was using Whitmore's vehicle outside the scope of the permission given. The trial court granted summary judgment to Georgia Farm Bureau, and the Williamses appeal.

Colvin lived in a house adjoining one of Whitmore's businesses and from time to time did various jobs for Whitmore. If this work required the use of a vehicle, Whitmore would provide Colvin with the keys and an insurance card for one of his business vehicles. On the morning of the collision, Whitmore gave Colvin the keys and insurance card for his Chevrolet van to pick up "Junior and James," Colvin's cousins, to perform some work for Whitmore.

On the evening of the same day, after consuming two to three beers, Colvin took his cousins home in Whitmore's van. He stayed at his cousins' house for approximately one hour, then took his six-year-old son to pick up a pizza for supper. After leaving the pizza restau-

rant, he stopped by a liquor store and purchased a gallon of liquor. The route to the Pizza Hut and the liquor store was a detour from his direct route home. After leaving the liquor store, Colvin collided with Billy Williams's vehicle on Memorial Drive. He was charged with DUI and failure to have proof of insurance.

The evidence is in conflict as to whether Colvin had permission to use the vehicle at the time of the collision. Whitmore denies that he gave Colvin permission to take the van in the evening, because James and Junior told him they had a ride home, and because he observed that Colvin had been drinking. Whitmore did not know Colvin had taken his van until the following day and reported it stolen to the police. Colvin contends that he was given permission, or at least that he understood he was to take his cousins back to their home.

Whitmore's policy with Georgia Farm Bureau provides coverage for "[a]nyone else while using with your permission a covered 'auto' " and also provides an exclusion from coverage for "[u]sing a vehicle without the express permission of the named insured as shown in the declarations, or if permission is granted, *acting outside the scope of said permission.*" (Emphasis supplied.) With regard to the scope of the permission Colvin contends was given to him by Whitmore, Colvin's recorded statement to an insurance adjuster is in direct contradiction to his testimony on deposition.

In the recorded statement, Colvin stated that Whitmore loaned him the van to perform business-related chores. Colvin confirmed that Whitmore asked him to return the van as soon as his business-related duties were completed. He also confirmed that the night in question was the first time he had deviated from Whitmore's instructions to return the van right after he had completed his job duties. At his deposition, Colvin testified that he had the van in his possession for approximately one month in order to ferry his cousins back and forth to work. He maintained that he had the keys in his possession "24 hours a day" and had no understanding with Whitmore regarding the scope of his permission to use the vehicle. However, he also acknowledged that Whitmore loaned him the van in order to do chores connected with Whitmore's business. He stated that he did not discuss with Whitmore going to get something to eat or visiting the liquor store.

The unexplained and contradictory testimony of a party-witness on his own behalf is construed most strongly against him on summary judgment. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).[1] Colvin's somewhat repetitive deposition testimony

---

[1] Although appellant does not raise the issue, it appears that a contradictory statement need not be under oath to be considered in the context of *Rossignol.* In *Southern Guaranty Ins. Co. v. Jeffares*, 190 Ga. App. 449, 451 (2) (379 SE2d 167) (1989), overruled on other

gives no explanation for the alteration in his statement. " '(T)he record in the present case suggests no explanation whatever for [Colvin's] contradictory testimony. . . .' [Cit.] Accordingly, the contradiction will be construed most strongly against [Colvin] even though he is the non-moving party." *Christensen v. Roberds of Atlanta*, 189 Ga. App. 289, 290 (1) (375 SE2d 267) (1988).

Construing the contradictory testimony against Colvin, even assuming Colvin had permission to use the van to take his cousins home, he exceeded the scope of that permission. When he drank beer with his cousins, stayed at their house for over an hour, then took the van with his six-year-old son to a pizza restaurant and to a liquor store, he deviated substantially from the scope of his permission to use the vehicle. *Select Ins. Co. v. Register*, 192 Ga. App. 145 (384 SE2d 238) (1989). In *Select Ins. Co.*, supra, an employee of the insured company was assigned a company truck to drive between work and home. He used the truck on a personal errand, met some friends and joined them in drinking beer and gin for several hours, then drove the company truck into another vehicle. This court held that he had deviated substantially from the scope of permission granted by his employer and hence was not an insured under the employer's policy. *Select Ins. Co.*, supra at 147.

The "first instance permission" rule urged by the Williamses is not the law of this state, except in the specific instance of a self-insurer under the relevant statute. *Select Ins. Co.*, supra at 147; *Nat. Svc. Indus. v. Transamerica Ins. Co.*, 206 Ga. App. 337, 339 (1) (425 SE2d 327) (1992). Assuming without deciding that Colvin had permission to operate the vehicle on the night of the collision, his own testimony, with contradictions construed most strongly against him, shows that he deviated substantially from the scope of any such permission. The policy exclusion therefore applies and the trial court did not err in granting summary judgment in favor of Georgia Farm Bureau.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 3, 1994.

*Friedberg, Stein, Goldstein & Silver, Donald J. Stein,* for appellants.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Christine M.*

---

grounds, *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 603-604 (385 SE2d 677) (1989), this court considered a recorded statement given to an insurance company contradictory, but concluded that it had been satisfactorily explained. See also *Bridgestone Firestone v. Green*, 198 Ga. App. 858, 860 (2) (403 SE2d 442) (1991) (res gestae statement); *Oliver v. Housing Auth. of Augusta*, 189 Ga. App. 54, 55 (1) (374 SE2d 832) (1988) (statement in application for public housing).

*MacIver,* for appellee.