## A00A0939. WILSON INDUSTRIAL ELECTRIC, INC. v. CINCINNATI INSURANCE COMPANY.
### (539 SE2d 612)

MILLER, Judge.

Cincinnati Insurance Company sought declaratory relief to determine its obligations under a general liability insurance policy it issued to Wilson Industrial Electric, Inc. John Herman, an employee of B & S Quarries, sued Wilson Industrial, alleging he was injured by a stone-cutting saw manufactured by Wilson Industrial when his foot was caught in its moving parts. The trial court granted summary judgment to Cincinnati, declaring that the insurer had no obligation under the insurance policy to defend the suit or to provide bodily injury liability coverage to Wilson Industrial due to a "products completed operations hazard" exclusion. Wilson Industrial appeals, arguing that the policy is ambiguous. We affirm.

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] Applying the de novo standard of review to an appeal from a grant of summary judgment, we must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party.[2]

Herman was injured when his foot was caught between the

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

rotating pinion and the rack of a stone-cutting saw manufactured by Wilson Industrial and sold to his employer, B & S Quarries. In the underlying tort action, Herman alleged the saw was defective because it was designed without a guard which would have prevented Herman's injury. It is undisputed that the stone-cutting saw was designed and built by Wilson Industrial according to B & S Quarries' own specifications and that Wilson Industrial did not design, sell, or install a guard for the saw.

The insurance policy's exclusion states that "[t]his insurance does not apply to 'bodily injury' or 'property damage' included within the 'products-completed operations hazard.'" The policy further defines the "products-completed operations hazard" as

> all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except (1) Products that are still in your physical possession; or (2) Work that has not yet been completed or abandoned.

Another section of the policy explains that

> "Your work" will be deemed completed at the earliest of the following times: (1) When all of the work called for in your contract has been completed. (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site. (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Wilson Industrial contends that this exclusion is ambiguous and that the failure to install the required safety mechanism rendered the saw incomplete. In support of this argument, Wilson Industrial relies on the report of a professional engineer used by Herman in the pending lawsuit against Wilson Industrial. The report explained that the cause of Herman's injuries was the absence of a guard on the rack and pinion mechanism, the absence of warnings on the machine, and the failure to provide a manual for operation and maintenance. The report further explained that the failure to supply the saw with a guard is in direct violation of Occupational Safety & Health Administration (OSHA) regulations. Wilson Industrial argues that the guard is an essential element of the machine and that without this required safety feature, the machine was not complete by industry standards. Cincinnati replies that the policy is unambiguous and that the saw was in fact complete because guards were never an intended part of the product.

"In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms."[3] Our case law explains that a contract or operation is deemed completed when the work contracted for has been finished even though minor details of performance may remain.[4] Here there was no work remaining once the saw was delivered and assembled. Moreover, the policy itself unambiguously provides that "[w]ork that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed." Comparing the allegations of Herman's complaint with the provisions of the policy, even if the saw needed correction, repair, or replacement in order to comply with OSHA standards, it is still complete under the plain language of the policy.

An exception to the exclusion provides that the "hazard does not include 'bodily injury' or 'property damage' arising out of . . . (2) *the existence of tools, uninstalled equipment* or abandoned or unused materials."[5] Even under this provision, however, the existence of such uninstalled equipment must be contemplated by the underlying contract, which is not the case here. Both parties concede that no guard was designed, requested, or sold with the saw as manufactured according to B & S Quarries' specifications.[6]

An unambiguous policy, as here, requires no construction, and we must give full effect to its plain terms even though they are beneficial to an insurer and detrimental to the insured. In our view, the stone-cutting saw was a completed product and therefore fell within the policy's exclusion. The expert's report was not competent evidence that the stone-cutting saw was not a completed product, and so Wilson Industrial failed to meet its burden under summary judgment. The court properly granted summary judgment to the Cincinnati Insurance Company.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 22, 2000.

*McClure, Ramsay & Dickerson, John A. Dickerson*, for appellant.

[3] (Citation omitted.) *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 614 (1) (299 SE2d 561) (1983).

[4] *Savannah Laundry &c. Co. v. Home Ins. Co.*, 189 Ga. App. 420, 421 (1) (376 SE2d 373) (1988); *Hartford Accident &c. Co. v. Strain Poultry Farms*, 166 Ga. App. 334, 336-337 (2) (303 SE2d 781) (1983).

[5] (Emphasis supplied.)

[6] *Savannah Laundry &c. Co.*, supra, 189 Ga. App. at 422 (1).

*Nall, Miller, Owens, Hocutt & Howard, Michael D. Hostetter*, for appellee.